## ANDERSON *v.* NELSON, OLSON & NELSON.

1. APPEAL AND ERROR—AMENDMENT PERMISSIBLE ON APPEAL TO SAVE DECREE.

   In interest of justice, Supreme Court will permit amendments to pleadings, or treat pleadings as amended, where so to do will permit affirmance of judgments or decrees, but not where it will work reversal.

2. SAME—AMENDMENT ALLOWED TO CORRECT DEFECT NOT OBJECTED TO ON TRIAL.

   Where defendants did not question sufficiency of pleadings on trial, decree for plaintiff, which, when modified, will be right as matter of fact and law, should not be reversed, on appeal, on account of defects in pleadings which could properly be cured by amendment.

3. INSANE PERSONS—CONTRACTS—CANCELLATION—CONDITION PRECEDENT—STATU QUO.

   In equity suit against seller and finance company for rescission of contract for sale of automobile, on ground that buyer was mentally incompetent, it is not condition precedent that defendants be placed *in statu quo*.

4. EVIDENCE—SALES—MOTOR VEHICLES—JUDICIAL NOTICE TAKEN THAT USED CAR LOSES VALUE.

It is well known that automobile almost immediately after leaving sales room of manufacturer's agent becomes used car and constantly loses value.

5. SALES—CANCELLATION—SALES CONTRACTS—VOID CONTRACT—ACCOUNTING.

Where automobile was sold in good faith on conditional sales contract, which was assigned by sales company to finance company without recourse but with warranty that amount shown on face of contract was owing and that all parties had legal capacity to contract, on rescission of contract because purchaser was insane at time contract was executed, all parties should be placed *in statu quo*, and finance company, which repossessed car and disposed of it after learning that contract was void, should neither profit nor lose by transaction, but should be required to account to sales company on basis of what car would have brought as used car on market had proper effort been made to sell it as such.

Appeal from Muskegon; Vanderwerp (John), J. Submitted June 7, 1929. (Docket No. 101, Calendar No. 34,357.) Decided October 7, 1929.

Bill by John T. Anderson, an incompetent person, by Jeannette A. Salamonson as guardian, against Nelson, Olson & Nelson, Inc., a corporation, and the National Discount Corporation, a corporation, for rescission of a contract on the ground of incapacity. From a decree for plaintiff, defendants appeal. Modified and affirmed.

*Harry D. Reber,* for plaintiff.

*Alexis J. Rogoski,* for defendant Nelson, Olson & Nelson, Inc.

*Walter A. Rice* and *Joseph F. Sanford,* for defendant National Discount Corporation.

BUTZEL, J. John T. Anderson was insane at the time this transaction here involved occurred. He also owned a Ford, and had in his name a land contract upon which there was due around $2,000, which contract actually belonged to his nephew, aged about 13 years. He turned in his Ford and the land contract at a reasonable discount to defendant Nelson, Olson & Nelson, Inc., hereafter called the sales company, towards the purchase price of a $2,320 car. The balance of the purchase price was evidenced by a conditional sales agreement to the sales company, which agreement together with the sales company's interest in the car was assigned without recourse but with certain warranties to National Discount Corporation, hereafter called the finance company. Less than three weeks after he bought the car, and before he had personally driven it at all, Anderson sold the car for $500, taking worthless checks in payment. Shortly after this the finance company recaptured the car.

This bill was filed by the guardian of Anderson to set aside the transaction. The trial judge absolved both defendants from any charge of bad faith, but held that Anderson was in fact insane, the contract invalid for that reason, required the sales company to account for the value of the Ford and the land contract, and held that the finance company should restore the automobile to the sales company upon payment to it of the amount due on the conditional sales agreement, or upon default so to do, to respond for its value at the time the finance company recaptured the car less the amount so due. The latter provision of the decree is the cause of this appeal. Neither defendant here contends that the court was in error in finding that Anderson was insane. The sales company does not question the provision that it respond to the guardian, but in-

sists that, having been required so to do and the contract being void from the beginning, it should be restored what it parted with upon payment of all that is due to the finance company, and that a court of equity having acquired jurisdiction should retain it for the settlement of all differences, such settlement to be made upon equitable grounds.

The first contention of the finance company that the sales company is not entitled to any affirmative relief because its answer did not pray for such relief is answered by the numerous holdings of this court that in the interest of justice this court will permit an amendment to pleadings, or treat pleadings as amended where so to do will permit affirmance of judgments or decrees, but not where it will work a reversal.

Both defendants sought to sustain the sanity of Anderson and the validity of the agreement. There is no doubt upon this record that both defendants were unaware of his mental condition and made the respective deals in good faith. Plaintiff's proof overwhelmingly established his insanity. He is at present in the Traverse City hospital and had been confined there for a considerable period beginning in 1920. A brother and a sister have for some time been confined in insane asylums. When the testimony establishing the invalidity of the contract was introduced and it became apparent that the sales company would have to account to the guardian for upwards of $2,000, the defendants no longer pulled together, but each sought to protect itself, and they did not then quibble about the state of the pleadings. We should not under these circumstances reverse a decree which, when modified, will be right as matter of fact and of law, on account of defects in pleadings which could properly be cured by an amendment.

Quite likely the papers delivered to the finance company conveyed title to it of the automobile. At least they transferred a paper title. Such title was subject to the condition that the balance due on the purchase price be paid in installments. Both defendants had mistakenly dealt upon the theory that Anderson was sane and the conditional sales contract valid. Upon paper, as we have pointed out, it conveyed legal title to the finance company, but it contained a defeasance clause. The manner here employed of financing this transaction is in common use. It is regarded as a loan of money and a conditional sales agreement to secure its repayment. This conditional sales agreement was with an insane man, and it was the duty of a court of equity to rescind it. The proceeding being in equity for a decree of rescission of the contract, it was not a condition precedent that defendants be placed *in statu quo*. *Witte* v. *Hobolth,* 224 Mich. 286; *Maurer* v. *Iden,* 242 Mich. 568; *O'Neill* v. *Kunkle,* 244 Mich. 653. The court decreed the rescission and attempted to place the parties *in statu quo*. That is precisely what the decree in the instant case should do. The estate of the insane man should be reimbursed for what it has lost, the finance company should get its money back with interest, if the car has not been disposed of, the sales company should get it back. The trial court, however, in paragraph "E" of the decree provides:

"E. That in event the defendant, National Discount Corporation has sold or disposed of said * * * sedan, or has used same for any purpose other than to transport the same for the purpose of placing it in storage pending the outcome of this suit, then the defendant, Nelson, Olson & Nelson, Inc., shall be entitled to recover from the defendant, National

Discount Corporation, the value of said automobile as of the date of the repossession thereof by said last named defendant, less the amount due and unpaid on said conditional sales contract as above fixed, together with interest thereon as above provided; and the defendant, Nelson, Olson & Nelson, Inc., shall have execution therefor.''

It is admitted that after the finance company had repossessed itself of the car, it notified both the sales company and plaintiff's attorney that it would release the car upon payment of the amount of the lien against it. The sales company had sold title retention contract made with Anderson on what it called its ''nonrecourse'' form of assignment, which it executed. This form contained a large number of warranties to the Discount company, and among them, the sales company agreed:

''That the face value of said contract is owing by said purchaser and there is no defense thereto; * * * that all parties thereto have *legal capacity* to contract.''

In so doing, the sales company agreed to protect the finance company against a situation such as existed in the present case. It is well known that an automobile almost immediately after it leaves the sales room of the manufacturer's agent becomes a used car and constantly loses value. It is resold at a large discount off of its original list price. The Discount company learned of the claim made by plaintiff before it disposed of the car, and should neither profit nor lose in the transaction if it disposed of the car as a used car for what it ordinarily would bring after a proper effort to realize its value as a used car. If it disposed of the car as a used car for what it could get for it after making proper

efforts to realize its value as a used car, and it realized more than its lien, it should pay the sales company the difference. If it sold the car for less than its value without first endeavoring to obtain its value as a used car, or it kept and used the car, or it gave it to one of its agents without any effort to realize its market value as a used car, it should pay the sales company the difference between the amount of the lien and the amount the car would have brought had proper efforts been made to sell the car for what a used car in like condition would have brought in the open market, unless it would have brought less than the lien. If after proper efforts had been made to sell the car and it brought less than the amount of the lien, there would be no recourse against the sales company. The lower court shall determine these facts. The decree is accordingly modified as to section "E" thereof, and is otherwise affirmed.

The plaintiff and defendant National Discount Corporation shall recover their costs from defendant Nelson, Olson & Nelson, Inc.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.