BURNETT *v.* KING.

1. APPEAL AND ERROR—AMENDMENT OF DECLARATION PERMISSIBLE.
   Amendment to declaration in assumpsit, on trial, by adding count, if necessary, was proper, and could be allowed in Supreme Court to sustain judgment (Circuit Court Rule No. 22 [4]).

2. PARTIES—HUSBAND AND WIFE.
   In action against husband and wife, where plaintiff's claim that husband was party to transaction sued on was adopted by jury, he was equally liable with wife.

3. FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—PROPERTY OWNED BY ENTIRETIES NOT LIABLE FOR HUSBAND'S DEBTS.
   Where contract for purchase of land was owned by husband and wife by entireties, assignment thereof by wife after husband's death was not in fraud of husband's creditors, since neither she nor the property was liable for his debts.

4. WITNESSES—IMPEACHMENT—EFFECT OF DIFFERENCE BETWEEN TESTIMONY AND ALLEGATIONS FOR JURY.
   Effect of difference between plaintiff's testimony that certain note owed by husband was to be paid by defendant out of proceeds of assigned land contract and allegations in prior bill of complaint filed by plaintiff and later dismissed that defendant was to pay all of husband's obligations was in impeachment of plaintiff and was for jury.

Error to Allegan; Miles (Fred T.), J. Submitted October 10, 1930. (Docket No. 58, Calendar No. 35,188.) Decided December 2, 1930.

Assumpsit by Nora Burnett against James K. King and another on contract for assignment of interest in real estate. From a judgment for plaintiff, defendants bring error. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E. Hoffman,* of counsel), for plaintiff.

*Perle L. Fouch* and *Harry C. Howard,* for defendants.

Fead, J.   James King, husband of plaintiff and son of defendants, died June 24, 1927, leaving to his wife a land contract on which the purchase price was $5,000, of which $1,000 had been paid.   The contract ran to plaintiff and her husband by the entireties.   James owed his uncle $500 on a note signed jointly with plaintiff, $1,300 on a note indorsed by his mother, and, aside from an outlawed note of $3,265, his mother claimed he owed her $1,000.   He left no estate for creditors.   In August plaintiff paid another $1,000 and interest on the land contract.   Before his death, James had advised plaintiff to transfer the contract to his parents to handle for her as she did not understand business transactions.   In October she assigned the contract to defendant Mrs. King.   She claims she made the assignment because defendants represented to her that the transfer was necessary in order to close the estate, and that they would sell the place and give her the proceeds, out of which she would pay the $500 note.   Defendants claimed the deal was made with Mrs. King alone, that plaintiff said she had been unable to sell the property and wanted to be relieved of its obligations, she proposed the assignment on condition that Mrs. King pay the $500 and the $1,300 notes, and that the transfer was absolute, without understanding for accounting of any part of the proceeds.   In February, 1928, the property was sold for $7,000 net.   Mrs. King paid the $500, and produced the $1,300 note marked paid, and also paid $3,000 balance on the contract.   Plaintiff had verdict of jury and judgment against both defend-

ants for $3,430, the full net sale price less the balance on the contract and the $500 note and interest.

The declaration was in assumpsit, set up the facts, and waived fraud. On the trial, plaintiff moved to add a count in assumpsit on the same facts. Such amendment, if necessary, was proper, and could be allowed in this court to sustain the judgment. Circuit Court Rule No. 22 (4); *Anderson* v. *Nelson,* 248 Mich. 160.

Under plaintiff's claim, adopted by the jury, defendant James K. King was a party to the transaction, whether it were fraud or contract, and, therefore, was equally liable with his wife.

The assignment of contract was not in fraud of plaintiff's husband's creditors, as neither she nor the property was liable for her husband's debts.

Several errors claimed were in prejudicial questions, answers, and arguments. It would be of no benefit to the profession to set them out. Generally the court at once instructed the jury to disregard them. They did not evidence an intent to prejudice the jury, and we find no reversible error in them.

Plaintiff's testimony differed from allegations in a prior bill of complaint filed by her in reference to the same transaction and later dismissed and in the declaration in this cause, in that in the pleadings it was alleged that Mrs. King was to pay all her son's obligations. Plaintiff testified that she knew of no other obligation than the $500 note. The effect of the allegation in impeachment of plaintiff was for the jury.

The other claimed errors need no discussion, and judgment is affirmed, with costs.

CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred. WIEST, C. J., and BUTZEL, J., concurred in the result.