R. C. MAHON CO. *v.* R. S. KNAPP CO.

J. D. CANDLER ROOFING CO. *v.* SAME.

1. PRINCIPAL AND SURETY—BREACH OF PRIVATE CONSTRUCTION BOND.
   Failure of principal contractor to pay for labor or material, resulting in the filing of a mechanic's lien by party who furnished same, constituted such breach of performance bond as to render effective, as of date of bond, assignment of balance due principal contractor.

2. ESTOPPEL—EQUITABLE ESTOPPEL.
   Generally, to constitute an equitable estoppel, the statement or conduct which is alleged to have worked the estoppel must have been a statement made, or conduct known, to the party who was expected to act upon it or to his agent or someone in privity with him.

3. PRINCIPAL AND SURETY—ESTOPPEL—SUBCONTRACTOR.
   Evidence *held*, insufficient to show that surety on private construction bond either said or did anything on which subcontractors relied to their detriment.

4. ESTOPPEL—DEFINITION.
   The doctrine of estoppel rests upon the inequity of permitting one to allege the existence of facts which by his own conduct he has induced another to believe do not exist.

5. GARNISHMENT—PRINCIPAL AND SURETY—SUBCONTRACTORS—PRIORITY AS TO FUND GARNISHEED.
   Surety on principal contractor's private construction bond, who was also assignee by an assignment of balance due in payment of principal contractor, effective as of date of bond, for a previous consideration, *held*, entitled to priority as to said balance over subcontractors who subsequently garnisheed balance due as judgment creditors, where bond was not given for benefit of subcontractors and surety was not estopped as to them.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 5, 1934. (Docket Nos. 55, 56, Calendar Nos. 37,635, 37,636.) Decided June 21, 1934.

Separate garnishment proceedings by R. C. Mahon Company and J. D. Candler Roofing Company, Michigan corporations, judgment creditors, against R. S. Knapp Company, a Michigan corporation, principal defendant, and Inter-City Trucking Service, Inc., a Michigan corporation, garnishee defendant. Fidelity & Deposit Company of Maryland, a Maryland corporation, was interpleaded in both cases as claimant to garnisheed fund. Cases consolidated for trial and appeal. From judgment for plaintiffs against garnishee defendants, claimant appeals. Garnishment proceedings dismissed and judgment entered for claimant against garnishee defendant.

*Wilkinson, Lowther & O'Connell,* for plaintiff R. C. Mahon Company.

*John McNeil Burns* (*Charles E. Moore,* of counsel), for plaintiff J. D. Candler Roofing Company.

*Lightner, Hanley, Crawford, Sweeny & Dodd* (*Clifford M. Toohy* and *Dudley W. Apps,* of counsel), for claimant.

NORTH, J. November 1, 1929, the garnishee defendant herein, the Inter-City Trucking Service, Inc., entered into a contract with the principal defendant, R. S. Knapp Company, for the construction of a building in the city of Detroit. A performance bond was given and the appellant herein, Fidelity & Deposit Company of Maryland, was the surety on this bond. The plaintiffs in the two cases here collectively considered were subcontractors or materialmen who have recovered judgments against the principal contractor. There is still due and unpaid

on the principal contract $11,261.28. In May, 1930, or subsequent thereto the respective subcontractors instituted garnishment proceedings against · the owner of the building and sought to satisfy their judgments out of the balance unpaid to ·the principal contractor. Upon disclosure by the garnishee defendant, the Fidelity & Deposit Company was interpleaded. This company claims the unpaid balance of $11,261.28 under an assignment made to it. The details of such assignment will be noted shortly. The trial court held that plaintiffs under their respective garnishment proceedings had a right to the fund in controversy prior to that of the surety under its assignment. Judgments were rendered accordingly and the Fidelity & Deposit Company has appealed.

The principal defendant, hereinafter called the contractor, applied to appellant to become its surety on a performance bond. The application for the bond contains the assignment under which appellant makes claim to the fund in question. The material portion of the assignment contained in the application for the bond provides that the principal contractor, in event of abandonment, forfeiture or breach of the principal contract:

"Does  *  *  *  hereby assign, transfer and set over to the (Fidelity & Deposit) Company, as collateral, to secure the obligations herein and any other indebtedness and liabilities of the undersigned to the company, whether heretofore or hereafter incurred, such assignment to become effective as of the date of said contract bond  *  *  *  any and all percentages retained on account of said contract, and any ·and all sums that may be due under said contract at the time of such abandonment, forfeiture or breach, or that thereafter may become due."

In violation of its building contract and bond the contractor failed to pay for labor or material furnished by one Slowman. A mechanic's lien was filed by Slowman and this lien was paid by the surety. This constituted a breach of the performance bond and rendered the quoted assignment effective as of the date of the bond, December 14, 1929. The effective date of the assignment and the rights thereunder of a subrogated surety were adjudicated in *City of Detroit* v. *Fidelity & Deposit Co. of Maryland,* 240 Mich. 213. The principal question presented for determination on this appeal is whether the appellant's claim to the fund by virtue of its assignment is prior to the claim of appellees made to the same fund based upon their respective garnishment proceedings.

The indebtedness due from the contractor to appellant incident to which it here seeks to exercise its rights under the assignment is indebtedness which is in no way related to the performance of the building contract hereinbefore mentioned. In the circuit court appellant was permitted to reimburse itself for the $2,082 paid by it in settlement of Slowman's mechanic's lien. The right it now seeks to assert under its assignment is incident to indebtedness due to appellant from the R. S. Knapp Company entirely independent of the Inter-City Trucking Service contract. On the other hand, as noted above, appellees' claims are for the payment of labor or materials furnished in the execution of this particular contract. Further, the performance bond on which appellant was surety provided that the principal contractor should satisfy all claims and demands incurred in the performance of the building contract and should pay all persons who had contracts directly with the principal contractor

for labor or materials.  Because of the facts just above noted, the trial judge placed his decision on the ground that an equitable estoppel arose against the surety company and barred it from asserting priority of its claim.

In *R. C. Mahon Co.* v. *R. S. Knapp Co.,* 262 Mich. 325, it was held by an equally divided court that the bond here in suit ''was not made for the benefit of'' the subcontractors.  Instead, it was given for the sole benefit and protection of the Inter-City Trucking Service, Inc.  The subcontractors can assert no legal right under the performance bond, nor can they make successful claim to equitable rights thereunder by way of equitable estoppel in the absence of conduct on the part of the surety company on which the subcontractors had a right to rely and did rely.  It is a general rule that to constitute an equitable estoppel the statement or conduct which is alleged to have worked the estoppel must have been a statement made to or conduct known to the party who was expected to act upon it or to his agent or someone in privity with him.  *Palmer* v. *Sharp,* 112 Mich. 420.  This record does not contain testimony which brings the subcontractors within the stated rule.  The surety neither said nor did anything on which the subcontractors or any of them had a right to rely or on which they did rely to their detriment.

''The doctrine of estoppel rests upon the inequity of permitting one to allege the existence of facts which by his own conduct he has induced another to believe do not exist.''  *Hubbard* v. *Shepard,* 117 Mich. 25 (72 Am. St. Rep. 548).

As noted just above, this record does not disclose that appellant misled appellees to their detri-

ment. There is nothing illegal or inequitable in appellant's taking an assignment from the contractor of the particular fund here in question to secure payment to it of any indebtedness due from the contractor. The assignment was prior to the garnishment proceedings. No reason appears for denying to appellant the right of asserting such priority. We think the trial judge was in error in applying to the facts of the instant case the doctrine of equitable estoppel. The subcontractors had a complete and adequate remedy by claiming and enforcing mechanics' liens which in effect would have given them priority over appellant's assignment. Instead of doing so, each of them has seen fit to resort to a remedy on the law side of the court. In doing so they have subjected themselves to the law governing rights of priority of the respective claimants to the $11,261.28 unpaid on the building contract. Appellant's claim is in excess of this amount. It follows, for the reasons above stated, that appellees' garnishment proceedings must be dismissed and judgment entered in this court against the garnishee defendant and in favor of appellant for the above-noted balance. Appellant will have costs of both courts against plaintiffs.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.