R. C. MAHON CO. *v.* R. S. KNAPP CO.

J. D. CANDLER ROOFING CO. *v.* SAME.

1. MOTIONS AND ORDERS—MODIFICATION OF EARLIER ORDER—CORRECTION OF RECORDS.

   Modification of order entered over seven months previously whereby court embodied in later order reason for its earlier order, which reason should have been a part of it in the first instance, *held*, within inherent power of court to correct its own records and exercise of such power was not an abuse of discretion under the circumstances.

2. SAME—POWER OF COURT TO AMEND ITS ORDERS.

   Every court of superior jurisdiction has power to amend its own orders, and, in the absence of statutory limitations, it has jurisdiction subsequently to amend any order which it had jurisdiction originally to enter, and can make such amendment *nunc pro tunc* so that its records will speak the truth.

3. COURTS—AMENDMENT OF RECORD.

   A court cannot amend its record to correct a judicial error, or to remedy the effect of judicial nonaction.

4. SAME—INHERENT POWER TO AMEND RECORD.

The power of the court to amend its record is inherent and not dependent upon statutory grant.

5. APPEAL AND ERROR—INDIRECT BELATED APPEAL.

On cross-appeal from order modifying former order in which cross-appellant seeks to have Supreme Court set aside such former order and grant relief prayed in petition denied thereby, cross-appellant *held*, not entitled to succeed in absence of timely appeal or direct application for belated appeal.

6. SAME—RELIEF.

Relief not asked in trial court will not be granted in Supreme Court.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 10, 1936. (Docket No. 10, Calendar No. 38,524.) Decided September 2, 1936.

Separate garnishment proceedings by R. C. Mahon Company and J. D. Candler Roofing Company, Inc., Michigan corporations, judgment creditors, against R. S. Knapp Company, a Michigan corporation, principal defendant, and Inter-City Trucking Service, Inc., a Michigan corporation, garnishee defendant. Fidelity & Deposit Company of Maryland, a Maryland corporation, was interpleaded on both cases as claimant to garnisheed fund. Cases consolidated for trial and appeal. From order as to disposition of funds, plaintiff R. C. Mahon Company appeals and intervening claimant cross-appeals. Affirmed.

*Wilkinson, Lowther & O'Connell,* for plaintiff R. C. Mahon Company.

*Lightner, Crawford, Sweeny, Dodd & Toohy,* for intervening claimant.

NORTH, C. J.    This action arises out of garnishment proceedings in the case of *R. C. Mahon Co.* v. *R. S. Knapp Co.,* reported in 268 Mich. 67.    In the circuit court a judgment was entered giving the garnisheed funds to the plaintiff.    On appeal the judgment was reversed and one entered in favor of the Fidelity & Deposit Company of Maryland, an intervening claimant to funds garnisheed.    Pending the outcome of that litigation the garnishee defendant, Inter-City Trucking Service, Inc., deposited the garnishment fund in controversy in the People's Wayne County Bank, Detroit, which bank was subsequently merged with the First National Bank—Detroit.    Thereafter the latter bank was closed by order of the Federal government.    Prior to the Supreme Court's decision a 40 per cent. payment became available to the depositors of the closed bank.    The Inter-City Trucking Service, Inc., garnishee defendant, was desirous of paying its 40 per cent. over to the clerk of the court.    On September 27, 1933, by consent of counsel and without prejudice to appeal from the original judgment entered, the court ordered the Inter-City Trucking Service, Inc., to pay over to the clerk of the court the sum of $4,504.51, being 40 per cent. of the fund involved; and this sum was distributed among the parties claimant in accordance with the amounts set forth in said order, the R. C. Mahon Company receiving $2,060.66.    The order states that the payments are made "without prejudice to appeal from the original judgment."

On June 21, 1934, the decision of the Supreme Court was handed down reversing the judgment of the trial court, and holding that the Fidelity & Deposit Company was entitled to the garnisheed fund. On July 27, 1934, the Fidelity & Deposit Company

petitioned the circuit court to enter an order directing the R. C. Mahon Company to pay over the moneys paid to it by virtue of the order of the circuit court of September 27, 1933. At the hearing on this petition the R. C. Mahon Company contended the trial court should not grant the relief asked. The court so held and an order was entered July 31, 1934, denying the petition. This order was o. k'd. as to form by the attorneys for the Fidelity & Deposit Company. Unfortunately the court failed to state in this order the ground of denial. But the subsequent order from which this appeal was taken recites that the decree is "without prejudice on the ground that this court is without jurisdiction to grant said petition;" and referring to the reason stated in this order, the circuit judge said: "in my judgment the recital in that order correctly sets forth the reason for the granting of the order." In this way the record now before us discloses that the circuit judge considered he was without jurisdiction in the proceedings pending before him to make the order sought by the Fidelity & Deposit Company, and for that reason he entered the first of the two orders denying the relief sought.

After the entry of the order of July 31, 1934, the Fidelity & Deposit Company instituted suit in the circuit court of Wayne county against R. C. Mahon Company to collect from it the amount to which the Fidelity & Deposit Company claims to be entitled by reason of the decision of the Supreme Court. In its answer to this suit the R. C. Mahon Company avers that the order entered July 31, 1934, is a bar to the suit, being *res judicata* of plaintiff's claim against defendant. Because of this defense, appellee on February 28, 1935, petitioned the circuit judge to vacate the order of July 31, 1934, and

in lieu thereof to re-enter the order denying the relief sought "without prejudice on the ground that this honorable court holds it is without jurisdiction to grant said petition." This was done by the circuit court, and R. C. Mahon Company has appealed. Its contention is that the order which the court vacated, having been approved as to form, and not having been appealed from, and no motion having heretofore been made to vacate the order within the time allowed, appellee cannot now obtain a rehearing when more than seven months have passed since the entry of the order.

The procedure resorted to by appellee and the order entered thereon by the trial court, from which this appeal is taken, was nothing more than a correction or amplification of the record theretofore made by the circuit judge. The only question on this phase of the case is whether the trial court was vested with the power to enter the modified order. The modification made was only that of embodying in the court's order the reason for its earlier holding—*i. e.,* that it did not have jurisdiction in that proceeding to grant to the Fidelity & Deposit Company the relief it sought and, therefore, denial of such relief was without prejudice. Other than this the court's order of July 31, 1934, was not changed. We think this modification whereby the court embodied in its later order the reason for its earlier order, which reason obviously should have been a part of the order in the first instance, was within the inherent power of the court to correct its own records; and that the exercise of this power under the circumstances of this case was not an abuse of discretion by the trial judge.

"Every court of superior jurisdiction has power to amend its own orders, and, in the absence of stat-

utory limitations, it has jurisdiction subsequently to amend any order which it had jurisdiction originally to enter, and can make such amendment *nunc pro tunc* so that its records will speak the truth." *Brownell* v. *Widdis* (syllabus), 219 Mich. 167.

"In case of an omission or error in the record the power exists in the court to amend such record so that it shall conform to the actual facts and truth of the case; but a court cannot amend its record to correct a judicial error, or to remedy the effect of judicial nonaction. The power of the court to correct its record is inherent, and not dependent upon statutory grant." 15 C. J. p. 975.

Notwithstanding a cross-appeal has been perfected by the Fidelity & Deposit Company, it is not entitled to relief thereon. It now asks this court to set aside the circuit court's order of July 31, 1934, and to grant the relief sought by the Fidelity & Deposit Company in its first petition. If a review of this adverse order were desired a timely appeal should have been taken in accordance with established practice and procedure. This was not done and a belated appeal cannot be obtained in this indirect manner. Further than this, the relief sought by the cross-appeal was not asked of the trial court in the petition from which this appeal is taken. Relief not asked of a trial court will not, on appeal, be granted in this court. *Bingham* v. *County of Montcalm*, 251 Mich. 651; *Rice* v. *Katz*, 255 Mich. 1.

The order entered in the circuit court is affirmed, with costs to appellee.

FEAD, WIEST, BUTZEL, BUSHNELL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.