FIDELITY & DEPOSIT CO. OF MARYLAND *v*. R. C. MAHON CO.

1. MONEY RECEIVED—APPEAL AND ERROR—RESTITUTION ON REVERSAL
   OF JUDGMENT—ESTOPPEL BY VOLUNTARY PAYMENT.
   Where the attorneys representing all parties in a case, after
   judgment therein questioned by the attorneys for one party,
   and with express right of appeal reserved, consent to division
   of funds *in custodia legis* in accord with such judgment and
   thereafter the reserved right of appeal is exercised and the
   judgment is reversed, it follows that money has been received
   by such judgment creditor which, of right, under subsequent
   adjudication in the same case, belongs to the party succeeding
   in reversing the judgment, as the reservation left ultimate
   right of retention subject to the result of the appeal and saved
   the successful appellant from being estopped by voluntary
   payment.

2. STIPULATIONS—MONEYS PAID INTO COURT—RESERVATION AS TO
   APPEAL.
   Stipulation between parties to litigation involving plaintiff as
   claimant to garnisheed fund that money paid into trial court
   was to be divided in accordance with judgment there rendered
   without prejudice to appeal or to subsequent enforcement of
   collection of balance or taking any other steps respective par-
   ties deemed advisable *held*, to operate as an assurance that
   the money would be returned in case of reversal of judgment
   and to carry notice of intention to reclaim the money in case
   of reversal.

3. APPEAL AND ERROR—RESTITUTION ON REVERSAL OF JUDGMENT—
   EQUITY.
   Generally, upon reversal of a judgment, the judgment creditor is
   subject to a liability to restore what he may have received
   under the judgment, not for any supposed wrong on his part,
   but on the ground that in equity and good conscience he ought,
   after reversal, to restore to the appellant everything of value
   which he had received on account of the erroneous judgment.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 15, 1937. (Docket No. 98, Calendar No. 39,541.) Decided September 1, 1937.

Assumpsit by Fidelity & Deposit Company of Maryland, a Maryland corporation, against R. C. Mahon Company, a Michigan corporation, for money paid under order of court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Lightner, Crawford, Sweeny, Dodd & Toohy* (*Clifford M. Toohy* and *George D. Haller,* of counsel), for plaintiff.

*Wilkinson, Lowther & O'Connell* (*Donald B. Smith,* of counsel), for defendant.

WIEST, J. This suit is an aftermath of litigation reported in *R. C. Mahon Co.* v. *R. S. Knapp Co.,* 262 Mich. 325; *R. C. Mahon Co.* v. *R. S. Knapp Co.,* 268 Mich. 67, and *R. C. Mahon Co.* v. *R. S. Knapp Co.,* 277 Mich. 103.

The facts have been stipulated and the question presented is whether money, paid by the clerk of the court, under court order, approved as to form and contents by all the parties to the proceeding, but with reservation of right to appeal, is one which prevents the claimant, successful on appeal, from recovering from the other claimant, the money which that appeal determined it had no right to have and to hold because the same was the property of the plaintiff herein.

We quote the pertinent part of the order entered in the circuit court:

"Whereas, the attorneys for the respective parties in the above-captioned matter in open court

consented to the same without prejudice to appeal from the original judgment entered in said interpleaded garnishment action. * * *

"It is further ordered by agreement of the attorneys for the respective parties in the above-captioned cause, that the said judgment creditors above mentioned, may accept the said sums as 40 per cent. payments on their respective judgments from Elmer B. O'Hara, the clerk of this court, without prejudice to appeal from the judgment heretofore rendered in the heretofore-mentioned garnishment proceedings, and without prejudice to subsequently enforcing collection of the balance of their respective judgments, or taking any other steps or proceedings, either in law or chancery, as they, or any of them, may deem advisable in the premises."

Upon reversal of the mentioned judgment plaintiff herein brought this action to recover the money so paid by the clerk, to defendant herein, and had judgment.

Defendant, on review, contends that the payment by the clerk of the court to apply on a judgment, pursuant to the mentioned order, was a voluntary payment on the part of plaintiff and cannot be recovered.

Where the attorneys representing all parties in a case, after judgment therein questioned by the attorneys for one party, and with express right of appeal reserved, consent to division of funds *in custodia legis* in accord with such judgment and thereafter the reserved right of appeal is exercised and the judgment is reversed, it follows that money has been received by such judgment creditor which, of right, under subsequent adjudication in the same case, belongs to the party succeeding in reversing the judgment. Under such circumstances there has been no such voluntary payment on the erroneous

judgment as to bar an action for recovery from the recipient. The reservation left ultimate right of retention subject to the result of the appeal. Such appeal was taken and final adjudication had, with determination under which defendant cannot claim right to the money received upon the void judgment.

The terms of the stipulation rendered the payment conditional and saved rights of plaintiff from falling within the rule of estoppel by voluntary payment.

The stipulation by its terms operated as an assurance that the money would be returned in case of reversal of the judgment. The stipulation saved rights and carried notice of intention to reclaim the money in case of reversal.

"Generally, upon reversal, especially if the reversal determine the merits of the controversy between the parties, the judgment creditor is subject to the liability for restoration of what he may have received under the judgment. This is not for any supposed wrong on his part in enforcing the judgment, but on the ground that in equity and good conscience he ought, after reversal, to restore to the appellant everything of value which he received on account of the erroneous judgment." *Berthold-Jennings Lumber Co.* v. *Railway Co.* (C. C. A.), 80 Fed. (2d) 32 (102 A. L. R. 688).

The judgment is affirmed, with costs.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.