On October 14, 1944, Raymond Clark, a child 3 1/2 years of age, was struck by a streetcar owned and operated by defendant and was so severely injured that it was necessary to amputate both of his legs, one above and the other below the knee. Defendant entered into negotiations for settlement with the parents of the crippled child. A settlement was finally agreed upon by which the father was to receive $500 for damages sustained by him individually and $2,000 as the child's guardian. Defendant's attorney prepared a petition for the appointment of the father as guardian and another petition for leave to settle the claim, both of which were signed by the father. The child's mother indorsed her consent on the petition for leave to settle. The petition for guardianship indicated the child's age. A hearing on both petitions was held on December 18, 1944, before a judge of the probate court for the county of Wayne. At the hearing, attorney for defendant made the following statement to the court:
"The file discloses that this is a nonliability case and we are just making a settlement with the father of the minor; all of our witnesses have shown that *Page 95 
the child ran out in front of the streetcar from one side of the street to the other in front of the streetcar and was struck by the left corner of the streetcar; the motorman was unable to stop in time to avoid this accident."
Counsel then interrogated the father as follows:
"Q. You have talked settlement with the D.S.R. in this case?
"A. Yes, sir.
"Q. And they have agreed upon the same?
"A. Yes, sir.
"Q. Is the same satisfactory to you?
"A. It is."
In reply to counsel's query whether the court had any questions, the probate judge replied:
"I think the settlement is a good one because there wouldn't be any liability individually; the court will appoint Clarence Clark guardian of Raymond Clark, the minor, and fix the bond at $100 and the petition authorizing the settlement is granted as prayed and I will sign the order."
The father was duly appointed guardian, an order authorizing the settlement of the guardian's claim for $2,000 was entered; and defendant paid plaintiff the total sum of $2,500, representing the claims of the father individually and as guardian.
Subsequently, on the advice of an acquaintance, plaintiff consulted an attorney and informed the latter that he did not understand that the settlement entered into with defendant constituted a release in full of the child's claim, but, on the contrary, that he had been told by defendant's adjuster that the settlement was a partial one, and that defendant would pay him more money from time to time as the need arose. On advice of counsel, plaintiff filed a petition in the Wayne county probate court on *Page 96 
March 16, 1945, less than three months after the settlement was authorized, to set aside the order of authorization. A hearing was held before the same probate judge on May 18, 1945, and the probate court was informed of the nature of plaintiff's claims. Plaintiff stated that he was 34 years of age and had only gone as far as the third grade in a southern school. He, however, could read and write. Plaintiff's attorney stated that as the result of an investigation plaintiff could produce witnesses who would testify that the injured child, in the company of several other children, was crossing the street; that when he reached the northbound streetcar track, he saw the streetcar approaching him and became petrified with fear; that the streetcar was at least 25 feet away; and that notwithstanding the perilous position of the child, the motorman ran the child down causing him permanent injuries that will incapacitate him for life. At the conclusion of the hearing the probate judge entered an order setting aside the original order authorizing the settlement. Counsel for defendant requested that as a condition of setting aside the original order, the court require that plaintiff return the consideration received by him from defendant in settlement of the child's claim. This request was denied. The probate judge stated:
"Where a settlement involves a minor and there is a reasonable doubt in the mind of the court as to whether it is adequate and fair and I am not charging any one with misleading the court * * * I feel that the settlement should be set aside. * * * It is quite evident that the father, from my observation in court, was not capable of thoroughly appreciating the fact of and the consequences of the settlement. * * * I am not going to make any condition to tender back the money; the *Page 97 
order will be set aside; the order is made unconditional."
Defendant appealed to the Wayne county circuit court where proofs were again taken and there was an adjudication of no fraud. Accordingly, a judgment was entered affirming the order of the probate court on condition that within 20 days from the date of the judgment plaintiff return to defendant the sum of $2,000 that he had received in accordance with the original order of the probate court authorizing the settlement, and that in default of such repayment the settlement was to stand and the order of the probate court setting aside the original order of authorization be reversed. Plaintiff appeals from the order of the circuit court.
It is appellant's contention that the agents of defendant misrepresented to him and the probate court the true nature of the settlement and that by reason of such misrepresentation and fraud he is relieved of all obligation to return or tender back the consideration received from defendant. Appellant claims that defendant's attorney led the probate court to believe that the accident was caused solely by the carelessness of the minor whose age and resultant incapacity to be held guilty of contributory negligence were not disclosed. The petition tion for appointment of the father as guardian, however, clearly states the child's age. The probate judge knew as a matter of law that the child could not be guilty of contributory negligence. What is most significant, however, is the fact that in setting aside the order authorizing the settlement, the probate judge specifically stated that he was not charging any one with misleading the court; and the circuit judge, with the record of the proceedings in the probate court before him, was unable to find *Page 98 
any basis for the allegation that defendant had deceived the probate court.
We have frequently held that where there is fraud in the execution of a release of a claim for personal injuries, as distinguished from fraud in the inducement, a tender back of the consideration received is not a condition precedent to the avoidance of the release. Porth v. Cadillac Motor Car Co.,198 Mich. 501; Barriger v. Ziegler, 241 Mich. 83; Hoban v.Ryder, 257 Mich. 188. Cf. Randall v. Railway Co., 215 Mich. 413. Defendant's alleged misrepresentation to appellant that the settlement entered into did not constitute a release in full of the injured child's claim would be tantamount to fraud in the execution. See note (1941) 134 A.L.R. 49. In Porth v. CadillacMotor Car Company, supra, this Court held as follows:
"One signing a release of damages for personal injuries is presumed to have executed it understandingly, and prima facie it must be taken as truly stating the agreement of the parties, and the burden of proof is upon him not only to show by a preponderance of evidence that it is not true, but that he was fraudulently deceived and misled by what was done and said into believing that he was signing a mere receipt for money paid under a contract different from that stated in it." (Syllabus).
Appellant's claim that he did not fully understand the nature of the settlement and the effect of the probate court's order of authorization taxes our credulity. In the affidavit attached to the petition for leave to settle, appellant signed and swore that he had read the foregoing petition by him subscribed. The probate judge was persuaded that appellant did not fully comprehend the consequences of the settlement; furthermore, the judge entertained a reasonable doubt as to the adequacy and *Page 99 
fairness of the settlement as the result of which he quite properly set aside the original order of authorization. On the basis of the record before us, it cannot be said, however, that appellant has established that he was fraudulently deceived and misled by defendant. Appellant having failed to establish such fraud, the order authorizing the settlement could not be set aside without a tender back of the $2,000 paid to plaintiff in his capacity as guardian of the injured child.
Defendant contends that the answer to the sole issue involved is found in 3 Comp. Laws 1929, § 14512 (Stat. Ann. § 27.1438), which provides:
"SEC. 7. In case any amount of money is collected on any judgment or decree, if such judgment or decree be afterwards reversed the court shall award restitution of the amount so collected with interest from the time of collection."
Appellant contends that this statute refers to judgments and decrees for payment of money and does not apply to orders that are merely permissive. In McMann v. General Accident AssuranceCorp., 276 Mich. 108, this Court stated:
"Appellant argues that the probate court's action in the premises was purely permissive and that its order does not bar this action. No authority, however, is cited. We do not view the probate order of approval in this manner; it was, in effect, a judgment that the proposed settlement was fair and just and except by appeal therefrom or by direct attack in equity for fraud, no other inquiry may be made into its sufficiency."
In Gayden v. Arabais, 292 Mich. 651, we held that it was a question of fact for the jury under conflicting testimony as to the circumstances of execution whether the money paid to plaintiff was in full *Page 100 
settlement or not. In the instant case no jury was requested in the circuit court. In the light of the finding of no fraud by the circuit court, and the applicable statute hereinbefore cited, we believe that the circuit judge was correct in holding that appellant must tender back the $2,000 received in settlement within a limited time as a condition precedent to having the original order authorizing the settlement set aside.
The judgment of the circuit court is affirmed except that plaintiff will be entitled to 20 days from the date that this opinion is handed down in which to tender repayment of the $2,000, and the case is remanded to the circuit court for that purpose. In all other respects it is affirmed, with costs to appellee.
CARR, C.J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH and DETHMERS, JJ., concurred.