## STEFANAC v CRANBROOK EDUCATIONAL COMMUNITY

Docket No. 101319. Submitted June 17, 1987, at Lansing. Decided December 7, 1987. Leave to appeal denied, 430 Mich 855.

On August 9, 1984, Judith Stefanac filed an action against Cranbrook Educational Community in Oakland Circuit Court alleging wrongful discharge, sexual discrimination, and termination of employment in violation of public policy. Defendant moved for accelerated judgment on the grounds that plaintiff had signed a release of claims for which she received consideration and that the claims in plaintiff's complaint were within the terms of the release. Plaintiff responded that the release was invalid because it was signed under fraudulent circumstances, because the terms of the release were misrepresented to her, because it was signed under duress, and because there were questions of fact as to the validity of the release. The court denied the motion without prejudice because questions of fact existed. Following more than a year of discovery, defendant moved for summary disposition, arguing that the release barred the suit and adding that plaintiff never returned $1,042.31 which she received in consideration for the release. Defendant argued that a decision by the Supreme Court three months after the trial court's denial of its motion for accelerated judgment mandated dismissal because plaintiff failed to tender back the consideration she received under the terms of the release. Plaintiff responded that the Supreme Court decision was not dispositive of the issues in this case. The court, Robert C. Anderson, J., granted defendant's motion for summary disposition. Plaintiff sought and was granted a rehearing by the trial court. At the rehearing, plaintiff asked to be allowed to tender back the alleged consideration. The court indicated that it was bound by the Supreme Court decision not to give plaintiff this opportunity and dismissed plaintiff's complaint with prejudice. Plaintiff appealed. The Court of Appeals, in an unpublished opinion per curiam released on January 27,

REFERENCES

Am Jur 2d, Release § 58.

Timeliness of tender or offer of return of consideration for release or compromise, required as condition of setting it aside. 53 ALR2d 757.

1987 (Docket No. 89512), affirmed, believing that the Supreme Court case was controlling. Plaintiff sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for consideration of and a decision as to whether plaintiff offered to tender back the disputed consideration within a reasonable time under the circumstances of the case, thereby allowing her to continue with her suit. 428 Mich 903 (1987).

On remand, the Court of Appeals *held:*

1. Plaintiff, attacking the validity of the release she signed on the ground of fraud and misrepresentation, is required to make restitution of the $1,042.31 as a condition precedent to obtaining a determination of the validity of the release she admittedly signed.

2. The trial court erred in believing that it was required to grant defendant's motion for summary disposition. The court possesses the discretion to grant plaintiff a reasonable time to make restitution of the amount paid her as consideration for the release she signed. Under the facts of this case, plaintiff's offer to tender back the disputed consideration was within a reasonable time.

3. The case is remanded to the trial court with instructions to issue an order permitting plaintiff to make restitution to defendant of the disputed consideration within thirty days of entry of the trial court's order. If such restitution is made, trial shall be had on the merits, including determination of the validity of the release. If such restitution is not made, judgment may enter for defendant. The trial court is not precluded from making appropriate findings of fact after trial, including resolution of how much, if any, of the monies paid plaintiff were in consideration of the release.

Remanded.

1. RELEASE — REPUDIATION — CONSIDERATION.

A person seeking to avoid a compromise settlement or release must place the other party in status quo, i.e., return any money paid in exchange for the release, either prior to starting suit or within and as part of the suit.

2. RELEASE — REPUDIATION — CONSIDERATION.

A trial court has the discretion to grant a plaintiff seeking to avoid a release a reasonable time to make restitution of the amount paid as consideration for the release.

*Bell & Hudson, P.C.* (by *Edward F. Bell*), for plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Thomas G. Kienbaum* and *Elizabeth Hardy*), for defendant.

Before: Beasley, P.J., and M. J. Kelly and R. M. Maher, JJ.

Beasley, P.J. This case is before the Court on remand from the Supreme Court pursuant to the following order:

> On order of the Court, the delayed application for leave to appeal is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and REMAND the case to the Court of Appeals, which shall consider and decide Issue II in the plaintiff's Court of Appeals brief. [See 428 Mich 903 (1987).]

Issue II of appellant's Court of Appeals brief is as follows:

> II. DID PLAINTIFF OFFER TO TENDER BACK THE DISPUTED CONSIDERATION WITHIN A REASONABLE TIME UNDER THE CIRCUMSTANCES OF THE CASE, THEREBY ALLOWING HER TO CONTINUE WITH HER SUIT?

On November 16, 1983, plaintiff signed a release and received a check from defendant for $2,090.65. The receipt attached to the check contained a recital that $1,042.31 was for "severence [sic] pay," while $2,084.62 was for "vacation pay," with $1,036.28 withheld in various taxes.

The within suit was filed on August 9, 1984. After extensive discovery, on September 27, 1985, defendant sought summary disposition for, inter alia, failure of plaintiff to return the consideration paid for the release, essentially on the basis of the Supreme Court's decision in *Leahan v Stroh Brew-*

*ery Co.*[1] The trial judge interpreted *Leahan* to require him to grant defendant's motion. We affirmed, believing that *Leahan* was controlling.

In *Leahan,* the plaintiff claimed that none of the consideration that he received was in exchange for the release. The Supreme Court denied that argument because the very language of the release said otherwise. For that reason, the Supreme Court held that the failure to tender back the money paid for the release defeated the plaintiff's attack on the validity of the release. Perhaps more important, in *Leahan* neither the Supreme Court, the Court of Appeals, nor the trial court extended to the plaintiff a period of time within which to make restitution. It was essentially for this reason that we interpreted *Leahan* to require dismissal of plaintiff's case here where plaintiff signed a release that provided part of the money paid by defendant to plaintiff after termination of employment was in consideration of the release. However, we assume that the Supreme Court's remand means that they do not interpret *Leahan* quite as we have suggested.

On remand, plaintiff-appellant argues that under Michigan law she should have been allowed a reasonable time to tender back the disputed consideration. She cites *Carey v Levy,*[2] which upheld the general rule that a person seeking to avoid a compromise settlement or release must place the other party in status quo, that is, return any money paid in exchange for the release.

In *Carey,* the plaintiff attacked the release on the ground that he was mentally incompetent to contract because of brain damage suffered as a result of the very automobile collision for which he sought damages. The plaintiff claimed that restitu-

[1] 420 Mich 108; 359 NW2d 524 (1984).
[2] 329 Mich 458, 463-464; 45 NW2d 352 (1951).

tion or tender thereof was not a prerequisite to bringing suit where the action to avoid the release was based on mental incompetency. However, the Court noted that if the plaintiff's attack on the release had been based on a claim of fraud, then restitution or tender would have been required.[3] In *Carey,* the trial court granted the defendant's motion to dismiss based on the written release, unless the plaintiff returned to the defendant within forty days the $725 paid to the plaintiff for the release. The Supreme Court made a similar condition as part of its opinion, saying:

> The circuit court's order dismissing plaintiffs' suit is affirmed, but without prejudice to hearing and determination by the trial judge of a motion by plaintiffs to reinstate their suit, provided within 30 days after our decision herein they make or tender restitution and file proof thereof in the circuit court, and promptly after filing such proof submit their motion for reinstatement.[4]

Plaintiff here argues that, by analogy with *Carey,* a reasonable time within which to tender back any consideration paid to her should be at least two years. As indicated, the analogy is faulty because the plain language of *Carey* says fraud must be treated differently than mental incompetency. Thus, contrary to plaintiff's claim, we be-

---

[3] The Court said:

Plaintiffs concede that, if it were claimed that the release, which "plaintiffs confess," was obtained by fraud, restitution or tender thereof would be a prerequisite to bringing this suit (See *In re Clark's Estate,* 318 Mich 92); but they contend that restitution is not a prerequisite in the instant case because they seek to avoid the release, not on the ground of fraud, but on the ground that plaintiff Hosea A. Carey at the time was incompetent to enter into a binding release. [*Carey, supra* at 462.]

[4] *Carey, supra* at 466.

lieve that *Carey* would require restitution or tender either *prior* to starting suit or within and as part of the suit. The thrust of *Carey* is that a person cannot obtain a trial on the validity of a release while, at the same time, holding and not returning the consideration for the release.[5]

In *Leahan, supra,* the Supreme Court noted that the plaintiff did not challenge the underlying principles of *Carey* and similar cases.[6] As previously indicated, the plaintiff in *Leahan* claimed that, as none of the consideration he received was for the release, he was not required to return any, but the Supreme Court denied that argument saying that, as found by the Court of Appeals, the express language of the release negated the plaintiff's assertion.

In the within case, the release and receipt specifically referred to $1,042.31 as consideration. Plaintiff attacks the validity of the release she signed on the ground of fraud and misrepresentation, not mental incompetency as in *Carey.* Under these circumstances, it would appear that under *Leahan* and *Carey* plaintiff was required to make restitution of the $1,042.31 as a condition precedent to obtaining a determination of the validity of the release she admittedly signed.

In her supplemental brief on Issue II of her Court of Appeals brief, plaintiff alleges that on November 27, 1985, she "offered to tender back the disputed consideration."[7] She goes on to say

[5] *Id.* at 464-465.

[6] *Leahan, supra* at 113.

[7] Plaintiff's brief on remand specifically states:

   On November 27, 1985, Plaintiff brought a motion for rehearing arguing that she should be allowed to tender back the disputed consideration and continue with her suit. At that time, Plaintiff offered to tender back the disputed consideration. Plaintiff's motion for reconsideration was denied and her offer

that, since her motion for reconsideration was denied, her offer to tender back "was rejected by the court."

In its supplemental brief on Issue II of plaintiff-appellant's Court of Appeals brief, defendant Cranbrook argues a different version, claiming: (1) that plaintiff has never in fact tendered back to defendant the money she accepted for signing the release; (2) that prior to dismissal of her suit plaintiff did not even suggest that she would consider repaying the money; and (3) that even after dismissal plaintiff merely made a "conditional offer" to repay the money if her case was reinstated and if she was given an additional thirty days to pay.

Defendant then concludes that plaintiff's delay is unreasonable and inexcusable. We do note, however, that this differs somewhat from its position in the oral argument on November 6, 1985, concerning the motion for summary disposition, where counsel for Cranbrook said:

> Everything that plaintiff's counsel attempts to raise as an issue is exactly what this decision says they can't raise until they pay the money back. This decision does not prevent them from coming into Court and challenging the release on the basis of fraud or duress at a later point. That it clearly states that it cannot—they cannot dispute factual issues until the money is paid back.

Thus, striving to give effect to the Supreme Court order, we conclude that the trial judge erred in believing he was required to grant defendant's motion for summary disposition. On the contrary,

---

to tender back was rejected by the court. In accordance with the court's original decision, Plaintiff's case was dismissed with prejudice. Thus, in the present case, two years and eleven days had elapsed between the date the release was signed and the date Plaintiff offered to tender back the disputed consideration.

the trial judge possessed discretion to grant plaintiff a reasonable time to make restitution of the amount paid her as consideration for the release she signed. Under the unusual circumstances of this case where, among other things, defendant did not raise the fact of the release until September 27, 1985, which was over thirteen months after suit was started on August 9, 1984, and where *Leahan* was not decided until December 28, 1984, we hold that plaintiff's offer to tender back the disputed consideration was within a reasonable time.

Therefore, we remand this case to the trial court with instructions to issue an order permitting plaintiff to make restitution to defendant of the disputed consideration within thirty days of entry of the trial court's order.[8] If such restitution is made, trial shall be had on the merits, including determination of the validity of the release. If such restitution is not made, judgment may enter for defendant.

Nothing in this opinion is intended to preclude the trial judge from making appropriate findings of fact after trial, including resolution of how much, if any, of the monies paid plaintiff were in consideration of the release.

Remanded for proceedings consistent with this opinion.

---

[8] In this connection, we leave to the trial judge's discretion whether he will prefer that the money representing the disputed consideration be paid to the Clerk of the Court for disposition on resolution of the litigation, rather than directly to defendant.