PEOPLE v DIERMIER

Docket No. 162608. Submitted August 2, 1994, at Grand Rapids.
Decided March 21, 1995, at 9:10 A.M.

Katherine A. Diermier pleaded guilty in the Emmet Circuit
Court, Richard M. Pajtas, J., of larceny in a building and was
sentenced to a term of probation. The probation order was later
amended to require the defendant to pay $2,000 to the county
clerk for the purpose of restitution for the victim of other
uncharged thefts. The defendant appealed. The Court of Ap-
peals, WALSH, P.J., and T. M. BURNS and CYNAR, JJ., reversed
with regard to the order amending the order of probation to
require restitution, finding that the people had failed to prove
that no person other than the defendant could have taken the
money that was stolen. *People v Diermier,* unpublished memo-
randum opinion of the Court of Appeals, decided November 24,
1992 (Docket No. 131767). The defendant had not sought a stay
of the amended order and had fully paid the $2,000 by the date
of the Court of Appeals opinion. The defendant moved in the
trial court for reimbursement of the money paid pursuant to
the invalidated order. The motion was denied. The defendant
appealed.

The Court of Appeals *held:*

The county was not obligated to refund the money pursuant
to MCL 600.1465, 600.1475; MSA 27A.1465, 27A.1475. The
county simply acted as a conduit in channeling the defendant's
restitution payments to the victim. It did not have the defen-
dant's money in its possession and had no statutory duty to
reimburse the defendant.

Affirmed.

JUDGMENTS — RESTITUTION — INVALID ORDERS — REIMBURSEMENT.

A county that acts as a conduit in channeling a defendant's
court-ordered restitution payments to a victim is not obligated
by statute to reimburse the defendant where the order of

REFERENCES

Am Jur 2d, Criminal Law §§ 572, 574, 1052; Restitution and Im-
plied Contracts § 152.

See ALR Index under Restitution and Implied Contracts.

restitution is reversed by the Court of Appeals after the restitution payments have been made (MCL 600.1465, 600.1475; MSA 27A.1465, 27A.1475).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Diane M. Smith,* Prosecuting Attorney, and *Robert J. Engel,* Chief Assistant Prosecuting Attorney, for the people.

*Stephen B. Graham, Jr.,* for the defendant.

Before: HOOD, P.J., and MARILYN KELLY and J. L. MARTLEW,* JJ.

PER CURIAM. Defendant pleaded guilty to larceny in a building. MCL 750.360; MSA 28.592. The trial court sentenced her to a term of probation. It later amended the probation order to require that she pay $2,000 to the county clerk for other uncharged thefts by way of restitution for the benefit of the victim. Defendant appealed, and this Court reversed the amended order on the ground that the prosecution had failed to prove that no person other than defendant could have taken the stolen money. *People v Diermier,* unpublished memorandum opinion of the Court of Appeals, decided November 24, 1992 (Docket No. 131767). Defendant never sought a stay of the amended order and, by the date of this Court's opinion, she had fully paid the $2,000 amount.

Defendant then moved in the trial court for reimbursement of the $2,000 that had been paid pursuant to the invalidated order. After a hearing, the trial court denied the motion. We affirm.

Defendant argues that the county was obligated to refund the $2,000 pursuant to MCL 600.1465;

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 27A.1465 and MCL 600.1475; MSA 27A.1475. We disagree. Construing those statutes in a reasonable manner, we find that they do not mandate the result defendant seeks. *Dep't of Social Services v Brewer,* 180 Mich App 82, 84; 446 NW2d 593 (1989). Section 1465 was drafted to ensure the integrity of funds deposited with the court and remaining in legal custody. See *Alexander v Detroit,* 154 Mich App 722, 733; 398 NW2d 508 (1986), vacated on other grounds 428 Mich 896 (1987). It has no application to the facts of the case.

The trial court distinguished § 1475 on the ground that the county had simply acted as a conduit in channeling defendant's restitution payments to the victim. It did not have the restitutional amount in its possession and therefore had no statutory duty to refund it to defendant. We agree. The statute ensures that a judgment creditor who receives money from a court clerk under a court order restores it in the event the order is found to be erroneous. See *Fidelity & Deposit Co of Maryland v R C Mahon Co,* 281 Mich 4; 274 NW 689 (1937). The intended operation of the statute is exemplified by *In re Clark's Estate,* 318 Mich 92; 27 NW2d 509 (1947). There, our Supreme Court held that an appellant was required to tender back the amount received in settlement as a condition precedent to having the original order authorizing the settlement set aside.

We agree with the trial court that it would be unreasonable to require the county to reimburse defendant for monies it paid which the county simply channeled to the victim. The statutes upon which defendant relies cannot reasonably be interpreted to require this result.

Affirmed.