## SCHULTZ vs. CULBERTSON.

CONDONATION OF CRIME: *Recovery of moneys paid on unlawful consideration: DURESS.*

46  313
78  613
46  313
88  199

1. An agreement of a private person not to prosecute another for crime, is illegal and void; but money *voluntarily* paid in consideration of such an agreement cannot be recovered.

2. The mere fact that a person who agreed to pay money in consideration of a promise not to prosecute his son for an alleged crime, did not believe. that his son was guilty, will not entitle him to recover moneys paid upon such agreement, though it may be considered by the jury in determining whether the payment was made under duress.

3. A threat to procure the arrest and imprisonment of one's son under a *false* criminal charge, and reasonable ground to believe that such threat will be executed, probably constitute *duress*.

4. To recover, on the ground of duress, money paid upon a note executed in pursuance of an illegal agreement, duress *at the time of such payment* (and not merely at the time of giving the note) must be shown.

APPEAL from the Circuit Court for *Outagamie* County. The facts of the case, as they appear from the pleadings and evidence, are as follows: The defendant, returning home from a temporary absence, found the son of the plaintiff upon his premises. The defendant's family were absent, and he claims that he found the boy concealed in his house. He detained the boy, and sent for the plaintiff. He told the plaintiff that his house had been broken into several times, and property stolen therefrom; he charged the boy with the crime, and threatened to prosecute him therefor. To avoid the disgrace of the prosecution, the plaintiff gave the defendant his note for $250, due in one year, in consideration whereof the defendant agreed not to prosecute the boy. This was in October or November, 1875. In January, 1877, the plaintiff paid the note. He brings this action to recover back the money thus paid.

On the trial, the plaintiff testified that he never believed his son guilty of the crimes charged against him. The defendant

testified that his house had been broken into, and property stolen therefrom on different occasions, when he and his family were absent; and that, on the occasion first above mentioned, he found the boy concealed in the house, and saw indications that he entered through a window.    Both parties testified to the defendant's agreement not to prosecute the boy. ·

Verdict and judgment for the plaintiff for the sum paid on account of the note and interest.    Defendant appealed from the judgment.

For the appellant, there was a brief by *George H. Myers,* and oral argument by *Wm. Kennedy.*

*H. C. Sloan,* for respondent.

LYON, J.    I.  The agreement not to arrest and prosecute the plaintiff's son for the crime which the defendant charged he had committed, was unquestionably illegal and void, in that it interfered directly with the course of public justice, and was therefore against sound public policy.    Such agreement was fully executed by the giving of the note in consideration thereof, and its payment; and by the failure of the defendant to cause the arrest and prosecution of the boy.    The undisputed evidence shows that the crime had been committed, and the testimony of the defendant tends to show that the boy committed it.    If the parties to this illegal agreement stood on an equal footing when they made it — if there was no duress or other circumstance which placed the plaintiff in the attitude of a sufferer rather than a wrongdoer, — the law will not assist the plaintiff to recover back the money which he has voluntarily paid in execution of it.    *Miller v. Larson,* 19 Wis., 463. In such case it is quite immaterial that the plaintiff did not believe his son guilty of the crime charged.    That is a fact to be considered on the question of duress *(Osborn v. Robbins,* 36 N. Y., 365), but not on the question of the illegality of the contract.    The crime having been committed, and the boy being charged with having committed it, and his arrest there-

for threatened, a contract to forbear prosecution is illegal, no · matter how sincerely the plaintiff may have believed his son innocent.

The learned circuit judge charged the jury, in substance, that such a contract is illegal and void, but that if the plaintiff believed his son innocent of the crime, he might recover the money paid by him pursuant to the illegal contract. We understand the instruction to have been given without reference to the question of duress — that is to say, upon the hypothesis that the parties to the contract were on an equal footing when they made it. If the views above expressed are correct, the instruction was erroneous.

II. On the question of duress, which is really the *gravamen* of the complaint, the court gave the jury the following instruction asked on behalf of the plaintiff:

"If the jury find, from the evidence, that the plaintiff gave the note in question, and paid it, only through fear of the disgrace that would attach to his family in case the defendant should prosecute his son for burglary or larceny, and that the defendant, at the time of obtaining the note, threatened to arrest the plaintiff's son if the plaintiff did not pay him damages or give his note, and if the plaintiff did not believe that his son was the guilty party, then the note is void, and the plaintiff will be entitled to recover back the money paid, with interest."

To maintain this action, it is incumbent on the plaintiff to prove that he paid the note under duress. A threat to imprison his son on a false criminal charge, and reasonable ground to fear that the threat would be executed, are probably sufficient. It is laid down in Bacon's Abr. that "a son shall avoid his deed by duress to his father; so shall the father his deed by reason of duress to his son.". Vol. 2, p. 773, " DURESS." And Lord Coke says "that for menaces, in four instances, a man may avoid his own act: 1st. For fear of loss of life.

2dly. Of loss of member. 3dly. Of mayhem. 4thly. Of imprisonment." 2 Inst., 483.

The evidence shows, or at least tends to show, that the note of the plaintiff was obtained by duress of his son. Had suit been brought upon the note by the defendant, probably the plaintiff could have defended successfully on that ground. But it does not necessarily follow that such duress continued when the note was paid. We find no proof that the plaintiff or his son was subjected to any menace or threat after the note was given. True, the defendant proposed that if the plaintiff would pay the note for $250, he would extend for one year the time of payment of an overdue note for $300, which he held against the plaintiff; with the alternative that if the proposal was not accepted, immediate payment of the $300 note would be required. Manifestly, this proposal and alternative contain no element of unlawful duress.

Had the note for $250 been paid soon after it was given, perhaps a jury would be warranted in finding that the original duress continued, and that the note was paid under duress, although no new menace was proved. But the probability that it did so continue, would decrease with the increase of time intermediate the giving of the note and payment thereof. A jury might find it difficult to say that a threat of arrest in October or November, 1875, never renewed or repeated, controlled the action of the plaintiff in January, 1877. At any rate, it was for the jury to determine whether the note was *paid* under duress, and that question should have been submitted to them by a direct instruction. We think the instruction on the subject of duress is erroneous, because the jury might have well understood therefrom that it was sufficient to maintain the action if the note was *given* under duress, without regard to the circumstances under which it was paid.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.