## SCHULTZ vs. CULBERTSON.

*March 16 — March 30, 1880.*

*(1) Note given and paid* under duress.   *(2) When inaccurate instruction will not reverse.*

1. On the second trial of this action to recover the amount of plaintiff's note paid to defendant, the jury having found, under proper instructions and upon sufficient evidence, that the note was *paid*, as well as *given*, under a threat of defendant to have plaintiff's son arrested and prosecuted for burglary or larceny (46 Wis., 313), and that it was not given to compound a crime, a judgment in plaintiff's favor is affirmed.

2. A verbal inaccuracy in the instructions, which, in view of the whole charge, could not have misled the jury to the appellant's injury, is no ground of reversal.

APPEAL from the Circuit Court for *Outagamie* County.

Action to recover moneys paid by plaintiff to defendant on a promissory note executed by the former to the latter. The judgment of this court on reversing a former appeal herein is reported in 46 Wis., 313–316. The evidence and the instructions given to the jury, at the second trial, will sufficiently appear from the opinion. There was a verdict and judgment in favor of the plaintiff; and defendant appealed from the judgment.

*Wm. Kennedy*, for the appellant.

*H. C. Sloan*, for the respondent.

COLE, J.   When this case was here on the former appeal (46 Wis., 313), it was held that the evidence tended to prove that the note given by the plaintiff was obtained under a species of duress, the defendant having extorted it through threats to arrest and prosecute his son for burglary or larceny. Such constraining force or undue advantage, working upon the fears and parental love of a father, might be sufficient to overcome his mind and will, and render the note void. Hence it was said by Mr. Justice LYON, in the opinion, that if the suit

had been brought on the note by the defendant, the plaintiff probably could have successfully defended on the ground that it was procured through duress, or by means of threats of arresting his son on a criminal charge.

But the note was paid more than a year after it was given, and it was said that it did not necessarily follow that the duress continued until the note was paid. If it did not, and the plaintiff voluntarily paid the note, he could not recover back the money thus freely paid. As there was no proof whatever in the case that the plaintiff or his son was subjected to any menace or threat after the note was given, or which tended to show that the note was paid under duress, the judgment was reversed, and the case sent back for a new trial. The evidence on the second trial, as to the circumstances attending the giving of the note, was substantially the same as on the first, together with some additional testimony which tended to show that the duress or unlawful constraint might have continued to the time the note was paid. On this branch of the case the learned circuit court charged that there could be no recovery unless the evidence satisfied the jury, not only that the plaintiff was induced by threats to make the note, but that, when he paid it, the duress still existed, and he was laboring then under the apprehension that the defendant would arrest and imprison his son if he did not pay it. The charge is very full, clear and distinct upon this point, and entirely conforms to the views expressed by this court upon the former appeal.

The learned counsel for the defendant criticises some expressions in the charge where the court uses the words "illegal imprisonment," etc., and says that there is not a particle of testimony in the case about imprisonment of any kind, whether illegal or otherwise. It is true, the threats which the witnesses state the defendant used to induce the plaintiff to give the note were, that he would have his son "arrested" on the criminal charge. And this was the threat used to compel pay-

ment. But it is impossible, as it seems to us, to suppose that the jury were misled by this language, which is objected to; for the real issue was so clearly and fairly stated in the charge on this point, which fills three or four pages of printed matter, and all to the effect that the right of the plaintiff to recover back the money depended upon the question as to whether, at the time of the making of the note and its payment, there was such coërcion and undue influence exerted by the defendant over the plaintiff as to overcome his free agency and amount to duress, that the jury could not have been misled by this language about imprisonment. Under the direction of the court the jury must have found that both the execution of the note and its payment were procured by compulsion and threats, and fears on the part of the plaintiff that unless he complied with the unlawful demands of the defendant the latter would cause his son to be arrested on the criminal charge.

On the other branch of the case, whether the note was given to compound a crime, the jury under the charge must have found that it was not given for any such purpose. Upon this point, likewise, the charge is quite full and explicit, and states the law as laid down by this court. A number of instructions were asked by the defendant as bearing upon both issues, all of which were refused. We do not deem it necessary to notice these instructions in detail. We merely say in respect to them, that the law of the case was fairly stated in the charge given, and there was no error, therefore, in refusing to give these instructions; and we take leave of the case by saying that there is no error in the record which would justify a reversal of the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.