## WEISER *v.* WELCH

1. DURESS PER MINAS—RELEASE.

    A mother who is induced by threats to release, for a consideration, a claim for damages upon which suit is pending, in order that she may save her son from a criminal prosecution, is under duress.

2. SAME—ABATEMENT OF SUIT.

    A release of a claim for damages, obtained from plaintiff in the absence of her attorney, by means of duress and fraud, does not operate to abate a pending suit.

3. SAME—TENDER.

    Plaintiff's delay of three months in tendering back the consideration received is *held* not to have been prejudicial to the defendant, the tender having been made before trial, and the jury having been instructed that the amount received by plaintiff must be deducted from their verdict.

4. INTOXICATING LIQUORS—CIVIL DAMAGES—EVIDENCE.

> Plaintiff in an action for selling intoxicating liquor to her son may show her situation and condition, her dependence on him, the amount earned by him before he became addicted to the use of liquor, his failure to obtain employment afterwards, if traceable to his drinking habit, and that he has been seen upon the street in a state of intoxication during the time defendant is claimed to have sold him liquor.

5. TRIAL—WITNESSES—INCOMPETENT ANSWERS.

> An objection that an incompetent answer was received to a proper question will not be considered on appeal, where no motion was made to strike out the answer.

6. INTOXICATING LIQUORS — SALE TO MINORS — EXEMPLARY DAMAGES.

> Exemplary damages may be recovered under the civil-damage act (3 How. Stat. § 2283e3), at the suit of a parent, for an unlawful sale of liquor to a minor child.

Error to Ionia; Davis, J.     Submitted February 5, 1897. Decided March 17, 1897.

Case by Louisa B. Weiser against Patrick Welch, a saloonist, and Herbert Babcock and Andrew Haberstumpf, his bondsmen, under the civil-damage act. From a judgment for plaintiff, defendants bring error. Affirmed.

*Chaddock & Scully*, for appellants.

*E. A. Horrigan* and *George E. Nichols*, for appellee.

GRANT, J.     Defendant Welch was a saloon keeper in the city of Ionia. The other defendants are his bondsmen. Plaintiff was a widow 60 years of age, and for several years a helpless cripple. She owned a small homestead, which was mortgaged. Her son, Burton, a minor, was her chief support. Her claim is that her son squandered his money in Welch's saloon, became frequently intoxicated, and that she was thereby injured in her means of support. For this she brought suit, and obtained verdict and judgment.

1. The chief defense is that she had settled this suit, and executed a release and "satisfaction of all claims for damages, both actual and exemplary." This settlement was made about three months before the trial, and while the suit was at issue and pending. Proofs on her part are ample to show that this settlement was brought about in the absence of her attorneys, by threats on the part of the agents of the defendants that her son would be prosecuted criminally unless she settled the case, and that affidavits for his arrest were already made; and that she executed the release and satisfaction solely because of such threats, and to save her son from prosecution. She desired to consult her attorneys before making the settlement, but was urged and advised by the defendants' agents not to do so. Upon ascertaining the situation, her attorneys advised her that she was not bound by the settlement. Shortly before the trial, she, through her attorneys, made tender of the $130, the sum paid in settlement. Her evidence was sufficient to sustain a finding by the jury that the settlement was obtained by duress and fraud. It is recognized as duress when a mother is induced by threats to do an act in order that she may save her son from criminal prosecution. *Schultz* v. *Culbertson*, 46 Wis. 313; *Bussian* v. *Railway Co.*, 56 Wis. 325; *Mc-Cormick Harvesting Machine Co.* v. *Hamilton*, 73 Wis. 486; *Cribbs* v. *Sowle*, 87 Mich. 340, 348 (24 Am. St. Rep. 166), and authorities there cited. The jury having found that the release was obtained by duress and fraud, it did not operate to abate the suit.

2. The plaintiff acted with sufficient diligence in tendering back the money received, and the court was correct in so instructing the jury. In fact, there are many cases which hold that no tender is necessary. *O'Brien* v. *Railway Co.*, 89 Iowa, 644; *Sanford* v. *Insurance Co.*, 11 Wash. 653; *Chicago, etc., R. Co.* v. *Lewis*, 109 Ill. 120; *Mullen* v. *Railroad Co.*, 127 Mass. 86 (34 Am. Rep. 349); *Chicago, etc., R. Co.* v. *Doyle*, 18 Kan. 58; *Allerton* v. *Allerton*, 50 N. Y. 670. The court instructed the jury

to deduct from the amount of their verdict, if they found for the plaintiff, the sum of $130.

3. It was competent for the plaintiff to introduce evidence showing her situation and condition; her dependence upon her son; the amount he earned before he became addicted to the use of intoxicating liquors; his failure to obtain employment afterwards, if traceable to his drinking habit; the amount he had in the bank and had earned at various times; and that he had been seen upon the street in a state of intoxication during the time it was claimed defendant Welch sold him liquor. Such testimony was therefore properly admitted. *Horn* v. *Smith*, 77 Ill. 381; Black, Intox. Liq. § 308.

4. Burton was asked if he applied at a certain place for work, to which he replied that he did, and could not get it. When the question was objected to, counsel for plaintiff stated that he expected to show that Burton was refused work on account of his drinking habits. The court thereupon admitted the answer to the question: " Did he [the person to whom Burton applied] tell you why?" Answer: "Not particularly." The question, under the statement of counsel, was competent. If the answer was incompetent, the defendants should have moved to strike it out. Not having done so, they cannot now complain. *Baumier* v. *Antiau*, 79 Mich. 509, 516.

5. Complaint is made that the court instructed the jury that plaintiff might recover exemplary or punitory damages. The statute (3 How. Stat. § 2283*e*3) provides for such damages, and the instruction given is fully sustained by *Larzelere* v. *Kirchgessner*, 73 Mich. 276, and *Peacock* v. *Oaks*, 85 Mich. 578, 581.

We find no error upon the record, and the judgment is affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.