W. T. MOORE, Appellant, v. FRANK PEARSON, Appellee.

**Instructions:** HOW CONSTRUED. In determining whether an instruction would tend to mislead the jury the court will consider the charge as a whole. The issues in this case, involving the question of whether in the purchase of a certain business plaintiff was to receive one half the net profits arising from its operation, and whether payments received by him were intended to apply on such profits; or whether the amount invested by plaintiff was a loan on which the payments were to apply, were clearly submitted by the instructions given when considered as a whole.

*Appeal from Wapello District Court.*—HON. F. M. HUNTER, Judge.

SATURDAY, JUNE 7, 1913.

ACTION to recover one-half the selling price of certain property sold by the defendant. The action is based upon the claim that the plaintiff was the owner of one-half interest

in such property. Such claim of ownership was denied by the defendant. There was a verdict for the defendant, and plaintiff appeals.—*Affirmed.*

*Gilmore & Moon,* for appellant.

*Jaques & Jaques* and *Lloyd L. Duke,* for appellee.

EVANS, J.—At the time of the transaction involved herein, the plaintiff was the cashier of a bank at Humeston, and the defendant was a barber at the same place. The defendant had an opportunity to buy a "barber shop" at Ottumwa, Iowa, for $2,500. He desired to make the purchase, but was without ready funds for that purpose. He made an arrangement with the plaintiff whereby he was authorized to draw on the Humeston bank for $2,500. He made the purchase, and accordingly drew his draft, which was honored by the bank. This occurred in May, 1903. The bank carried this draft as a cash item until August 17, 1904, at which time it was fully paid and canceled as an asset of the bank. The method of its payment was that the plaintiff paid $1,250 thereof and the defendant the balance. The question in controversy is whether the plaintiff paid his $1,250 as the purchase price of one-half interest in the property, or whether he advanced the same as a loan to the defendant. The first is the contention of the plaintiff, and the second that of the defendant.

After the purchase in May, 1903, the defendant went into immediate possession and operated the barber shop at Ottumwa. He made remittances to plaintiff between that date and August 17, 1904, in sums of $25, $35, $50, and up to $150 at frequent intervals. These payments appear to have been placed to his credit at the bank and to have made up a credit account which was used in the payment of August 17, 1904. After August 17, 1904, he continued to make similar remittances to the plaintiff. There is no substantial dispute as to the amount of such remittances. They amounted to

about $1,500. In addition to these, the defendant executed
his notes to the plaintiff in September, 1909, for $200. In
February, 1910, the defendant sold the property for $3,050.

The details of plaintiff's claim are that there was an
oral agreement between him and defendant whereby he should
furnish one-half the purchase price and become a half owner
of the property, and whereby the defendant should operate
the barber shop and should receive $20 per week as his com-
pensation, and that the net profits above such sum and above
other expenses should be divided equally. The plaintiff con-
tended as a witness that the payment which he had received
from the defendant were paid to him as his share of the profits.
This was met by the denial of the defendant. The question
at issue was clearly for the jury, and appellant does not con-
tend otherwise.

Upon either contention, the method adopted by the parties
was very unbusinesslike. It does not appear that any accounts
of receipts or profits were kept by the defendant, or that any
statements were ever furnished by him or asked by the plain-
tiff, and that practically all his remittances were in multiples
of five. On the other hand, no note was given for the debt
and no rate of interest agreed on until September, 1909. De-
fendant testified that in September, 1909, the plaintiff claimed
a balance due him of $200 on the loan, and that the defendant
executed his notes therefor. This testimony was not denied
by the plaintiff. Neither was the fact pleaded by the defend-
ant as a settlement. But the trial court instructed the jury
that the giving of the notes should be deemed, for the pur-
pose of this suit, as the equivalent of the payment of money,
and no complaint is made at this point of such instruction.
The plaintiff, however, contended that as the owner of an
undivided one-half of the property he was entitled to recover
one-half the selling price.

The issue, in brief, therefore, was whether the plaintiff
was such owner, and further whether there was an agreement
that he should receive one-half the profits in the operation of

the business, and whether the payments received by him were intended to apply upon such profits; or, on the other hand, whether the payments received were intended to be applied upon the $1,250 as for money loaned.

The appellant submits his appeal upon one assignment of error. This is based upon instruction No. 28, which is as follows:

(28)   If the plaintiff has not established by the greater weight or preponderance of the evidence that under the alleged contract he (the plaintiff) was to have the one-half of the profits, after paying defendant $20 per week as his salary and after deducting the expenses of the shop to be paid in consideration of the use by defendants of plaintiff's one-half interest in said shop and fixtures, then the plaintiff should be charged with all payments made to him by defendant, even though you may find that the plaintiff has established by the greater weight of the evidence that by the original oral contract he was to become the owner of an undivided one-half of the shop and fixtures, and you should deduct said payments, if any, from any amount you may find due plaintiff, if any, as one-half of the sale price of said shop and fixtures.   February 16, 1911.

It is contended that this instruction was erroneous, in that it permitted the jury to apply as payment upon one-half of the sale price *all* the payments made by the defendant upon the original $2,500 loan or credit which he obtained.   It is possible that the instruction would bear such construction, but we think it would be very strained.   And this is especially so in view of other portions of the record.   There was no dispute over the first $1,250 paid.   The plaintiff pleaded it in his petition and the defendant conceded it.

Instruction No. 14 was as follows:

If the plaintiff has not established by a preponderance of the evidence that he is entitled to a recovery because of the sale of the property in question, then you are instructed that he was entitled to be repaid by the defendant the full sum of

$2,500 with interest, and you shall examine and determine how much, if anything, is unpaid to him upon the full sum of $2,500 with interest, and in ascertaining and determining this question you will figure interest on said sum at the agreed rate, if one was agreed upon; but, if no rate was agreed upon between the parties, then you will figure simple interest at the rate of 6 per cent. per annum from the date the draft was accepted and paid by the plaintiff, the draft drawn on him by the defendant. . . . If you find that the plaintiff has not been repaid the full sum of $2,500 with interest at the agreed rate, but if there is no agreed rate, then interest at 6 per cent. per annum computed as above directed, then your verdict should be for the plaintiff for the balance found due; but, if he has been paid the full amount due him, then your verdict should be for the defendant.

Instruction 16 was as follows:

(16) If the evidence is equally balanced upon the proposition whether the plaintiff became an owner of one-half interest in the shop, its furnishings and equipment, upon one hand, whether the transaction was a loan, on the other hand, then you will find that the transaction was a loan and proceed to determine the amount unpaid thereon, if there is any amount unpaid.

Instruction 28 will bear a natural construction which is not inconsistent with the foregoing. It should, of course, be construed in connection with the other instructions. The effect of this instruction was to say to the jury that, even though it should be found that the plaintiff was the owner of one-half of the sale price, the defendant was entitled to appropriate credit for all previous payments made, unless it should be found that the plaintiff was entitled to the same as profits of the business. No intelligent jury could lose sight of the fact that the principal sum of $2,500 originally advanced would absorb all payments up to such amount. We think the instruction was not misleading in this respect.

The judgment of the trial court must therefore be *Affirmed*.