## CAREY v. LEVY.

1. DISMISSAL AND NONSUIT—TRIAL JUDGE'S REASONS.
   The reason motivating circuit judge in entering order dismissing an action at law is inconsequential, if the dismissal was proper.

2. RELEASE—AVOIDANCE OF LITIGATION.
   The essence of a release is to avoid litigation, even at the expense of strict right.

3. SAME—REPUDIATION—RESTORATION OF STATUS QUO.
   One repudiating a compromise settlement or release and thereby reverting to the original right of action at law must place the other party *in statu quo* or offer to do so.

4. SAME—RESCISSION—ENRICHMENT.
   The requirement that defendant be placed in his original position as condition to action at law against one to whom plaintiff had given a release is to prevent enrichment by rescinding plaintiff at the expense of the defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error, § 827.
[3, 4, 5, 7] 45 Am Jur, Release, § 53; 11 Am Jur, Compromise and Settlement, § 34.
[3, 4, 5, 7] Return or tender of consideration for release or compromise as condition of action for rescission or cancelation, action upon original claim, or action for damages sustained by the fraud inducing the release or compromise. 134 ALR 6.
[6] 3 Am Jur, Appeal and Error, §§ 246, 770, 820.

5. SAME—REPUDIATION—RESTORATION OF CONSIDERATION—MENTAL COMPETENCY.

Party claiming to have been mentally incapacitated at time of execution of release of defendants from liability must return the payment made before bringing action at law on cause of action released, especially where there has been no adjudication of incompetency.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MISJOINDER OF PARTIES.

Whether or not there was a misjoinder of parties plaintiff is not passed upon in action by husband and wife for injuries they sustained in an automobile accident, where record does not disclose that the question of misjoinder was considered by the trial court and question is not discussed in briefs on appeal.

7. SAME—REMAND—RESTITUTION UNDER COMPROMISE AGREEMENT.

Dismissal of plaintiffs' action at law unless plaintiffs made restitution of amount received under compromise agreement within 40 days is affirmed but upon remand plaintiff is afforded 30 days after decision in which to make restitution.

Appeal from Wayne; Murphy (George B.), J. Submitted October 5, 1950. (Docket No. 53, Calendar No. 44,915.)   Decided January 8, 1951.

Case by Hosea A. Carey and wife against Edward C. Levy, doing business as Edward C. Levy Company, and another for personal injuries sustained in automobile accident.   Case dismissed on motion. Plaintiffs appeal.   Affirmed.

*Pratt & Graham,* for plaintiffs.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendants.

NORTH, J.   Plaintiffs brought this suit to recover damages alleged to have been suffered by them in consequence of an automobile collision in the city of Detroit, on the 9th day of December, 1948.   On grounds hereinafter noted defendants moved to dis-

miss plaintiffs' suit. Defendants' motion was granted unless proof was filed in court that restitution had been made within a time limited. Plaintiffs, who did not make restitution, have appealed.

Briefly stated, plaintiffs claim that while plaintiff Hosea A. Carey was driving his automobile on the date above mentioned it was struck by a Ford pickup truck driven by defendant Beelner, but owned by defendant Levy. Plaintiffs allege that the accident was caused solely by the negligence of Beelner and resulted in somewhat severe bodily injuries, "including brain damage," to Hosea A. Carey. Eight days after the accident, at a time when plaintiffs claim Hosea A. Carey was in such a physical and mental condition as rendered him incompetent to enter into a contract, defendants paid to plaintiffs $725 and obtained a release in writing of any and all claims arising from the accident which plaintiffs had against defendants. Notwithstanding plaintiffs gave defendants this release "from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and compensation, on account of, or in any way growing out of" the automobile accident, about 7 months after giving the release plaintiffs brought this suit.

As an affirmative defense defendants pleaded the release received by them, a copy being attached to defendants' answer; and thereafter defendants made a motion to dismiss which later was conditionally granted by the circuit judge as follows:

"An order dismissing this cause shall be entered 40 days from this date unless proof is filed with the court evidencing the return by the plaintiffs to the defendant of the sum of $725."

Plaintiffs did not comply with the above order. Instead, in reply to defendants' affirmative defense of settlement and release, "plaintiffs confess the

same and by way of avoidance show" (1) That at the time of the execution of the release Hosea A. Carey was not competent to execute the same by reason of his then physical and mental condition; and (2) that the agreement and release was obtained "by duress and compulsion imposed upon" Hosea A. Carey. However the latter of these 2 claims was later waived and abandoned by plaintiffs. Appellants complain that in the circuit judge's opinion, filed incident to granting defendants' motion, he recited: "Plaintiff contends the release was obtained by fraud and misrepresentation;" when in fact plaintiffs did not make such a claim or at least had abandoned that claim; and in seeking to avoid the release rested their position solely on the ground that at the time it was executed by Hosea A. Carey he was not competent so to do. In the order later entered dismissing plaintiffs' suit the only reason assigned was plaintiffs' failure to make restitution. If dismissal of plaintiffs' suit was proper the reason which motivated the circuit judge in entering the order of dismissal is inconsequential, and the order should be affirmed. Hence the controlling question is: Should plaintiffs' suit have been dismissed in consequence of the settlement agreement and release for which they received $725 unless within the specified 40-day period plaintiffs returned to defendants the amount so received and filed proof thereof as ordered?

Plaintiffs take the position that restitution or tender thereof is not a prerequisite to bringing their suit at law. They contend: "That the true issue is whether an incompetent person must restore the *status quo ante* before beginning suit in an action to set aside (to avoid) a release contract executed during incompetency;" and further that "the court erred in requiring restoration of the *status quo ante* as a condition precedent to maintaining suit."

Plaintiffs concede that, if it were claimed that the release, which "plaintiffs confess," was obtained by fraud, restitution or tender thereof would be a prerequisite to bringing this suit (See *In re Clark's Estate,* 318 Mich 92); but they contend that restitution is not a prerequisite in the instant case because they seek to avoid the release, not on the ground of fraud, but on the ground that plaintiff Hosea A. Carey at the time was incompetent to enter into a binding release.

Neither plaintiffs nor defendants have cited a case which in its factual and legal aspects is on all fours with the instant case. In plaintiffs' brief it is stated that the instant case is "one of novel impression in this Court." But they contend that the law as applied to cases wherein a litigant seeks to avoid a contractual obligation on the ground of insanity, is applicable to the case at bar. They say:

"Although the point appears to be one of novel impression in this Court as regards release contracts, the courts of this State have never hesitated to set aside the contracts of an insane person from which he has suffered financially * * * and without any requirement that the *status quo ante* be restored as a condition precedent to bringing suit."

In support of their contention appellants cite *Reason* v. *Jones,* 119 Mich 672; *Anderson* v. *Nelson, Olson & Nelson,* 248 Mich 160; and *Lynder* v. *Schulkin,* 305 Mich 451. We do not find in the cited cases support for plaintiffs' contention. In the first of the above cited cases the question of restitution or tender of restitution as a prerequisite to bringing the suit was not involved. In the *Anderson Case, supra,* the insane person, in behalf of whose estate the suit was brought, did not have in his possession any money or any property which he had received from defendants; and further the opinion states: "The

proceeding *being in equity* for a decree of rescission of the contract, it was not a condition precedent that defendants be placed *in statu quo.*" The *Lynder Case, supra,* was also a suit in equity and hence restitution was not a prerequisite to plaintiff's suit; also there was no question or claim that plaintiff as a prerequisite to his suit should have made restitution. Instead the decree required one of defendants to make restitution.

We think the law controlling the instant case is stated quite definitely in *Kirl* v. *Zinner,* 274 Mich 331, wherein the plaintiff disavowed any remembrance of having consummated the settlement and release. We quote:

"A compromise and release is not to be confused with the law of . contract, in which equivalents are exchanged, for the very essence of a release is to avoid litigation, even at the expense of strict right.

\* \* \*

"It is a general and salutary rule that one repudiating or seeking to avoid a compromise settlement or release, and thereby revert to the original right of action, must place the other party *in statu quo,* otherwise the very fact of payment, in consideration of the compromise or release, will likely operate as a confession of liability."

Our research has brought attention to several decisions of courts in other jurisdictions which are in full accord with our holding in *Kirl* v. *Zinner, supra,* and in accord with the decision of the trial judge in the instant case.

"The weight of authority seems to be, that if one seeks to rescind a settlement on the ground of \* \* \* mental incapacity (caused by the injury in suit), \* \* \* he must \* \* \* place the other party *in statu quo,* or offer to do so." *McCary* v. *Monongahela Valley Traction Co.,* 97 W Va 306 (125 SE 92).

In *Marple* v. *Minneapolis & St. Louis R. Co.*, 115 Minn 262 (132 NW 333, Ann Cas 1912D 1082), the Minnesota court cited with approval one of its earlier decisions from which the following is quoted:

"But, conceding plaintiff's mental incapacity [resulting from the accident in suit] on that day [of settlement], there is an insuperable obstacle to his recovery in the fact that he has never rescinded, nor offered to rescind, the settlement, but still retains the consideration, and has never offered to return it. He having never been adjudged insane by a court of competent jurisdiction, his contract was not void, but at most merely voidable, at his election. There is no pretense that his mental incapacity continued for any considerable time after the release was executed. Upon recovering his usual mental condition, it was his duty to elect promptly—that is, within a reasonable time—whether he would affirm or disaffirm, and, if he elected to do the latter, it was his duty to restore or offer to restore what he had received, so as to place the parties *in statu quo*. He cannot affirm in part and reject in part. He cannot escape the burdens of the contract and retain its benefits. * * * To permit plaintiff to repudiate the settlement and maintain this action without returning or offering to return what he has received, would be to allow him to take his chances of recovering in this action without running the risk of losing what he has received in case he is defeated." *Morris* v. *Great Northern R. Co.*, 67 Minn 74 (69 NW 628).

Among many other decisions in accord with those above noted, we cite the following: *Drohan* v. *Lake Shore & M. S. R. Co.*, 162 Mass 435 (38 NE 1116); *See* v. *Carbon Block Coal Co.*, 159 Iowa 413 (138 NW 825, 141 NW 1048); *West* v. *Seaboard Air Line R. Co.*, 151 NC 231 (65 SE 979); *Mahr* v. *Union Pac. R. Co.*, 96 CCA 19 (170 F 699).

Unless we hold in accord with the foregoing authorities, we permit plaintiffs to retain the money

they received from defendants, notwithstanding they would withhold from defendants the consideration for which the money was paid to plaintiffs—*i.e.,* the release from liability and from the annoyance and expense of litigation. "If that (claimed loss of memory) disposes of the matter a safe retreat is open to parties to a settlement, for it shows an easy way to avoid a release." *Kirl* v. *Zinner, supra.* And further, it would materially tend to discourage settlements between parties involved in this type of cases, if the settlement could be avoided without restitution. Why should one pay a substantial sum for his release from an asserted liability, if he knows that the opposite party by merely advancing a claim of mental incompetency may disavow his release and bring suit without first placing the defendant *in statu quo?* See "Restitution and Unjust Enrichment," 46 Am Jur, p 99.

"The requirement that the other party to the transaction should be placed in his original position exists to prevent enrichment by the rescinding party at the expense of the other." Restatement of the Law, Restitution, ch 2, § 65e.

It seems proper to note that the record in the instant case does not disclose any claim that at the time the release was executed defendants, or their representative, had any knowledge or reason to believe that Hosea A. Carey was mentally incompetent to execute the same, or that he had ever been judicially determined to be insane. In fact he had not been so adjudicated.

Defendants assign misjoinder of parties plaintiffs as a reason in support of their motion to dismiss. But the question of misjoinder was not considered by the trial court so far as disclosed by the record, nor is it discussed in any of the briefs filed on this

appeal. Hence we do not herein pass upon it, but see *Bostrom* v. *Jennings*, 326 Mich 146.

The circuit court's order dismissing plaintiffs' suit is affirmed, but without prejudice to hearing and determination by the trial judge of a motion by plaintiffs to reinstate their suit, provided within 30 days after our decision herein they make or tender restitution and file proof thereof in the circuit court, and promptly after filing such proof submit their motion for reinstatement. Appellees may have costs of this Court.

REID, C. J., and BOYLES, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.