LEAHAN v THE STROH BREWERY COMPANY

Docket No. 69604. Argued January 5, 1984 (Calendar No. 8).—Decided December 28, 1984.

John P. Leahan brought an action in the Wayne Circuit Court against The Stroh Brewery Company and Peter W. Stroh, alleging that his compelled resignation by the defendants amounted to unlawful age discrimination and breach of an employment contract and seeking damages for slander and ridicule resulting from alleged statements made to prospective employers that he had been fired. The court, Myron H. Wahls, J., granted the defendants' motion for accelerated judgment on the ground that because the plaintiff had signed a release in his letter of resignation, had accepted a consideration for the release, and had not tendered back the consideration, his claim was barred. The Court of Appeals, J. H. Gillis, P.J., and V. J. Brennan and Lambros, JJ., affirmed in part and reversed in part in an unpublished opinion per curiam, agreeing with the trial court that the release was valid, but disagreeing that it barred claims arising subsequent to its execution (Docket No. 56225). The plaintiff appeals.

In an opinion per curiam, signed by Justices Kavanagh, Levin, Ryan, Brickley, Cavanagh, and Boyle, the Supreme Court *held:*

The express language of the agreement contained in the plaintiff's letter of resignation releasing the defendants from claims arising out of the plaintiff's employment indicates that consideration was received by the plaintiff for the release. Because the plaintiff did not tender back the consideration and did not challenge the principle that such consideration is required to be tendered back before a release may be challenged, accelerated judgment was proper.

Chief Justice Williams, concurring, wrote separately to em-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 66 Am Jur 2d, Release §§ 8-13, 26, 57-59.

What constitutes duress by employer or former employer vitiating employee's release of employer from claims arising out of employment. 30 ALR4th 294.

[2] 66 Am Jur 2d, Release § 27.

phasize that where proof is offered that only part of the consideration received by an employee with respect to a resignation was for a release of claims against the employer arising out of the employment and that the remainder was for other services, and the part attributable to the release is tendered back, a claim by the employee that the release was procured as a result of duress is not barred and accelerated judgment on the basis of the release should not be granted.

Affirmed.

### OPINION OF THE COURT

1. RELEASE — REPUDIATION — CONSIDERATION.

    Failure of a plaintiff to tender back consideration paid by a former employer for a release included in a letter of resignation from claims arising out of the plaintiff's employment, and failure to challenge the principle that such consideration must be tendered back before a release may be challenged, barred the plaintiff's claim that the resignation and the release were compelled and amounted to unlawful age discrimination and breach of an employment contract.

### CONCURRING OPINION BY WILLIAMS, C.J.

2. RELEASE — REPUDIATION — CONSIDERATION.

    *Where proof is offered that only part of the consideration received by an employee with respect to a resignation was for a release of claims against the employer arising out of the employment and that the remainder was for other services, and the part attributable to the release is tendered back, a claim by the employee that the release was procured as a result of duress is not barred.*

*Beier, Howlett, Hayward, McConnell, McCann, Jones, Kingsepp & Shea* (by *Eric J. McCann)* for the plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *John A. Kruse* and *Michael F. Schmidt),* for the defendant. -

PER CURIAM. This is an action in which the plaintiff, a former employee of defendant Stroh Brewery Co., made several claims based on the termination of the employment relationship. De-

fendants relied on a release executed by the plaintiff. The circuit court and Court of Appeals have rejected the plaintiff's challenge that the release was induced by duress on the ground that the plaintiff had not tendered back the consideration received for the release. We agree, and affirm.

I

The plaintiff filed this action on April 15, 1980, alleging that he had worked for the corporation from 1966 through 1978, eventually becoming a senior corporate vice president and president of two subsidiary companies. He alleged that on December 4, 1978, he was presented with a letter of resignation that had been prepared by attorneys for defendant and signed by defendant Peter W. Stroh, President of the Stroh Brewery Company.[1] He was compelled to sign the document under threats that if he refused to do so he would be summarily dismissed with the loss of all compensation and benefits. Plaintiff claimed that his discharge amounted to unlawful age discrimination[2] and breach of an employment contract. Further, he claimed damages for slander and "ridicule" on the ground that after the termination, the defendants had made false communications to prospective employers and had improperly characterized

---

[1] In addition to the release language, discussed below, the letter included an agreement that the plaintiff would be continued as a salaried employee through March 1, 1979. In addition, he was to be paid $93,195.00 for serving as an "independent consultant" to defendant corporation through March 31, 1981. The corporation was to pay insurance premiums and club membership dues until specified dates, and the plaintiff received title to the company automobile that he had been using. Although the letter said that plaintiff was free to obtain other employment, it included an agreement that plaintiff would not compete, directly or indirectly, with the business of Stroh Brewery Co. or render services to any competitor through March 31, 1981.

[2] MCL 37.2202; MSA 3.548(202).

the termination as his having been "fired" rather than his having "resigned."

The defendants filed a motion for partial accelerated judgment as to the age discrimination and employment contract claims, relying on the language of the resignation letter purporting to release Stroh Brewery Co. from all claims arising out of the employment relationship and its termination:

"8. In further consideration of the foregoing you fully and forever release, acquit and discharge the Company from and against any and all claims and actions, of every kind, nature and description, arising out of or in connection with your employment and termination of employment with the Company, excepting only such benefits as you may be entitled to receive under the Company Pension Plan and Thrift Plan."

In response to the motion, the plaintiff maintained that the resignation letter was the product of duress, and thus voidable.[3]

In turn, defendants responded that the plaintiff could not seek to set aside the release on grounds of duress because he had not tendered back the consideration he had been paid for the release.

To this argument, the plaintiff replied that he need not return the consideration since the consideration was not for the release but for the other terms of the letter agreement.

## II

The circuit court agreed with defendants' position regarding the requirement of tendering back the consideration and entered accelerated judgment for the defendants, stating:

---

[3] See generally *Denton v Utley,* 350 Mich 332; 86 NW2d 537 (1957); *Weiser v Welch,* 112 Mich 134; 70 NW 438 (1897).

"[B]ecause the plaintiff has not tendered back the consideration received under the release of December 4, 1978,. and therefore his claim is barred by said release."

.The Court of Appeals affirmed in part and reversed in part.[4] As to the requirement of tendering back consideration paid for a release, the Court said:

"[T]he law applicable to the rescission of release agreements on the grounds of fraud or duress requires that the party seeking to avoid a settlement or release must tender back the amount paid, thus returning both parties to the status quo. *Chapman v Ross*, 47 Mich App 201, 204 [209 NW2d 288] (1973). The rationale for the rule is set forth in *Carey v Levy*, 329 Mich 458, 463 [45 NW2d 352] (1951), wherein the Court stated:

" 'We think the law controlling the instant case is stated quite definitely in *Kirl v Zinner*, 274 Mich 331 [334-335; 264 NW 391 (1936)], wherein the plaintiff disavowed any remembrance of having consummated the settlement and release. We quote:

" ' "A compromise and release is not to be confused with the law of contract, in which equivalents are exchanged, for the very essence of a release is to avoid litigation, even at the expense of a strict right. * * *

" ' "It is a general and salutary rule that one repudiating or seeking to avoid a compromise settlement or release, and thereby revert to the original right of action, must place the other party *in statu quo*, otherwise the very fact of payment, in consideration of the

---

[4] The Court of Appeals reversed the portion of the circuit court judgment involving the slander claim because the facts alleged in support of that claim occurred after the execution of the release. The Court said that a release does not apply to future transactions unless it so specifies. The language of this release refers to claims arising out of the plaintiff's employment and the termination of employment. The Court could find no indication in the language that it was meant to apply to future conduct.

The Court of Appeals said that the allegations in the complaint did not state a cause of action for slander because they were too conclusory. However, it left open the possibility of allowing an amendment to cure that defect.

compromise or release, will likely operate as a confession of liability."

" 'Our research has brought attention to several decisions of courts in other jurisdictions which are in full accord with our holding in *Kirl v Zinner, supra,* and in accord with the decision of the trial judge in the instant case.'

"No tender having been made in the instant case, the trial court correctly held that the release agreement would be permitted to stand."

The Court then turned to the plaintiff's claim that the consideration he received was for portions of the termination agreement other than the release:

"Plaintiff's argument that none of the benefits received by him pursuant to the resignation agreement were consideration for the release agreement is directly contrary to the express language of the release agreement within the contract, and without merit."

We granted the plaintiff's application for leave to appeal. 417 Mich 1039 (1983).

### III

On this appeal, as in the lower courts, the plaintiff does not challenge the underlying principles of *Carey v Levy,* 329 Mich 458; 45 NW2d 352 (1951), and similar cases. He contends, rather, that in this case none of the consideration he received as a result of the December 4, 1978, agreement was for the release. Thus, he maintains that there is no amount that he is required to tender in order to challenge the release on the ground of duress.

We agree with the Court of Appeals that the express language of the release agreement is contrary to the plaintiff's assertion. Accordingly, the judgment of the Court of Appeals is affirmed.

KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.

WILLIAMS, C.J. I concur but write separately because I wish to emphasize that if plaintiff had offered proof that only part of the consideration he received was for the release, and that the remainder was for other services, and if plaintiff had tendered back that part attributable to the release, then accelerated judgment should have been denied, but since plaintiff did not so offer, accelerated judgment was properly granted.