BURT v PEOPLES BANK & TRUST COMPANY

Docket No. 78134. Submitted January 17, 1985, at Detroit. Decided December 23, 1985.

Plaintiff, Dwight R. Burt, brought an action in the Wayne Circuit Court against defendant, Peoples Bank & Trust Company. Plaintiff alleged that termination of his employment by the defendant constituted unlawful age discrimination, wrongful discharge in breach of plaintiff's employment contract and wrongful termination based upon negligent performance evaluations. Defendant raised the affirmative defense of a release agreement signed by plaintiff and moved for an accelerated judgment. The trial court, Thomas Roumell, J., granted defendant's motion for an accelerated judgment. Plaintiff appeals from the order granting that motion. *Held:*

1. Plaintiff's failure to tender back the consideration he received for the release acts as a bar to this action.

2. Plaintiff's claim that the consideration for the release was severance pay to which he was otherwise entitled and was not true consideration for the release directly conflicts with the express and unambiguous terms of the release.

Affirmed.

RELEASE — RESCISSION — TENDER.

A party seeking to avoid or rescind a release agreement must first place the other party in status quo by tendering back the consideration he received for the release; the failure to tender back such consideration bars a suit to avoid or rescind the release agreement.

*Stark & Gordon* (by *Deborah L. Gordon*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *John A. Entenman* and *Kathleen McCree Lewis*), for defendant.

REFERENCES

Am Jur 2d, Release §§ 54-64.

See the annotations in the ALR3d/4th Quick Index under Release.

Before: T. M. Burns, P.J., and V. J. Brennan and W. A. Porter,* JJ.

Per Curiam. Plaintiff appeals as of right from a May 1, 1984, order entered in Wayne Circuit Court granting defendant's motion for accelerated judgment. Plaintiff's first amended complaint, filed November 29, 1982, alleges that the termination of plaintiff's employment by defendant bank on October 18, 1980, constituted unlawful age discrimination, wrongful discharge in breach of plaintiff's employment contract and wrongful termination based upon negligent performance evaluations. In response, defendant raised the affirmative defense of a release agreement signed by plaintiff on November 25, 1980, and moved for accelerated judgment. The circuit court determined that the release agreement barred plaintiff's action.

Plaintiff argued below and now on appeal that the release agreement must fail because plaintiff entered into it under economic duress and because there was no true consideration for the release. We agree with defendant that plaintiff's failure to tender back the consideration he received for the release acts as a bar to this action. We therefore affirm the accelerated judgment order.

On October 29, 1982, almost two years after plaintiff signed the release agreement with defendant, plaintiff filed a complaint in the circuit court. He alleged that he had worked for defendant bank from 1955 until November of 1980, eventually becoming vice-president in charge of the real estate loan department of the bank. On August 15, 1980, he was placed on a three-month probation by the bank for alleged poor work performance.

* Circuit judge, sitting on the Court of Appeals by assignment.

On November 18, 1980, plaintiff was informed by a senior vice-president of the bank that he was being terminated because of customer dissatisfaction. He was given a release to sign which was prepared by defendant. Plaintiff refused to sign the release on this date, but took it with him for a period of one week. During this time, he sought the advice of counsel about the release. Plaintiff testified in his deposition that he received no advice from the attorney he consulted. On November 25, 1980, plaintiff returned to defendant bank and signed the release agreement which provided as follows:

> Peoples Bank and Trust Company and Dwight Burt agree as follows:
>
> (1) Peoples Bank & Trust agrees to pay Dwight Burt the sum of $16,500 as severance and termination pay for all services rendered by Dwight Burt to Peoples Bank & Trust. Payment will be made by check biweekly, and final installment will be paid no later than May 29, 1981. In addition, his current level of medical and hospitalization coverage and life insurance coverage will be provided by the Bank until May 18, 1981.
>
> (2) In exchange for the amount of money set forth in the above paragraph, Dwight Burt agrees, on behalf of himself, his heirs, or sucessors [sic], to release Peoples Bank & Trust from all matters, claims, actions, suits and demands of every nature, in contract, laws, or in equity arising out of or connected with his separation of employment with Peoples Bank & Trust.
>
> This agreement contains the complete and entire understanding between Dwight Burt and Peoples Bank & Trust. Any amendment or modification to this agreement must be made in writing and signed by both parties.

Plaintiff makes two arguments in an attempt to avoid the release. First, plaintiff contends that,

because he needed the severance pay to support his family after his termination, he had no choice but to sign the release. Plaintiff terms this as economic duress. Second, plaintiff claims that there was an unwritten policy between the bank and its employees that substantial severance pay based upon the number of years of employment would be given to employees upon their termination with the bank. Plaintiff has shown that a number of employees who left the bank previously, either through resignation or termination, received severance pay without signing a release with the bank. Plaintiff has also shown that the $16,500 severance pay he received in consideration for the release was approximately twenty-five weeks salary for twenty-five years of employment. Thus, plaintiff argues that he was otherwise entitled to the severance pay which was purported to be the consideration for the release. He therefore contends that there was no true consideration for this release agreement.

In *Leahan v The Stroh Brewery Co,* 420 Mich 108; 359 NW2d 524 (1984), the Michigan Supreme Court faced a similar argument regarding the consideration for a release. The Court in *Leahan* determined that the plaintiff's failure to tender back the consideration he received for his release barred his suit. The release in *Leahan,* as in the present case, expressly stated that the consideration received was for the release. There, as here, the plaintiff's assertion was directly contrary to the express language of the release.

The *Leahan* Court relied upon the opinion in *Carey v Levy,* 329 Mich 458; 45 NW2d 352 (1951), which held that before a party may disavow a release, he must first place the other party in status quo by tendering back the consideration he

received for the release. The *Carey* Court stated the following reasons for this requirement:

> We think the law controlling the instant case is stated quite definitely in *Kirl v Zinner,* 274 Mich 331 [264 NW 391 (1936)], wherein the plaintiff disavowed any remembrance of having consummated the settlement and release. We quote:
> "A compromise and release is not to be confused with the law of contract, in which equivalents are exchanged, for the very essence of a release is to avoid litigation, even at the expense of strict right.
>
> \* \* \*
>
> "It is a general and salutary rule that one repudiating or seeking to avoid a compromise settlement or release, and thereby revert to the original right of action, must place the other party *in statu quo,* otherwise the very fact of payment, in consideration of the compromise or release, will likely operate as a confession of liability." [*Id.,* p 463]

The requirement has been recognized in numerous decisions of this Court: *Chapman v Ross,* 47 Mich App 201, 205; 209 NW2d 288 (1973); *Melick v Nauman Vandervoort, Inc,* 54 Mich App 171, 179; 220 NW2d 748 (1974); *Kircos v Goodyear Tire & Rubber Co,* 108 Mich App 781, 792-793; 311 NW2d 139 (1981); *Lewis v Aetna Casualty & Surety Co,* 109 Mich App 136; 311 NW2d 317 (1981).

Here, plaintiff waited almost two years after signing the release to bring this claim. He has failed to tender back any of the money he received in exchange for the release. His claim that the severance pay was not true consideration for the release directly conflicts with the express and unambiguous terms of the release. Following the holding in *Leahan,* we affirm the accelerated judgment order.

Affirmed.