DAVIS v BRONSON METHODIST HOSPITAL

Docket No. 89784. Submitted December 4, 1986, at Grand Rapids. Decided December 19, 1986. Leave to appeal denied, 428 Mich —.

David C. Davis agreed on August 18, 1983, to resign from his employment with Bronson Methodist Hospital. Davis signed an agreement releasing all claims he might have against the hospital in return for certain consideration. Davis sought legal advice soon thereafter. On July 12, 1984, Davis brought an action in the Kalamazoo Circuit Court alleging that he had been wrongfully terminated and that the release had been signed under duress. The hospital asserted the defense of release. Davis' attorney attempted to tender back the consideration received plus interest on July 25, 1985. The hospital's attorney rejected the tender. The hospital moved for summary disposition, citing the release as a bar to Davis' claim. The trial court, Richard R. Lamb, J., agreed and granted summary disposition to the hospital. Davis appeals.

The Court of Appeals *held:*

The trial court correctly found that both the one-year delay between the filing of the complaint and the tender and the one-year eleven-month delay between execution of the release and the tender were unreasonable as a matter of law. Davis was required to tender back the consideration he received for signing the release prior to commencing suit.

Affirmed.

RELEASE — REPUDIATION — CONSIDERATION.

A plaintiff who received a certain consideration from his employer in return for signing a release of the employer from all claims arising out of the plaintiff's resignation from employment should tender back such consideration prior to commenc-

REFERENCES

Am Jur 2d, Contracts §§ 85 *et seq.*

Am Jur 2d, Master and Servant §§ 18, 219.

Am Jur 2d, Release §§ 8, 10, 13, 30, 33, 43 *et seq.*

Timeliness of tender or offer of return of consideration for release or compromise, required as condition of setting it aside. 53 ALR2d 757.

ing a suit challenging the release; a delay of one year between the filing of the complaint and the tender back and a delay of one year, eleven months between execution of the release and the tender back is unreasonable as a matter of law.

*Deming, Hughey, Lewis, Keiser, Allen & Chapman, P.C.* (by *Ross E. Chapman* and *Thomas C. Richardson*), for plaintiff.

*Miller, Johnson, Snell & Cummiskey* (by *Gordon J. Quist*), for defendant.

Before: D. F. WALSH, P.J., and HOOD and R. J. TAYLOR,* JJ.

PER CURIAM. Plaintiff, David C. Davis, appeals from an order granting summary disposition to defendant Bronson Methodist Hospital. MCR 2.116(C)(7).

This controversy concerns the August 18, 1983, termination of plaintiff's employment as Director of the Department of Human Relations at defendant hospital. On that date, plaintiff was given the choice between being terminated or resigning. He chose the latter option, signing an agreement whereby he released all claims he might have against defendant, including claims arising out of his employment and the events which gave rise to his resignation. In consideration, defendant paid plaintiff one month's salary, accrued vacation and salary and continued his health insurance coverage until September 30, 1983.

Four days after signing the release, plaintiff had an appointment to speak to an attorney about the termination of his employment. On July 12, 1984, plaintiff filed suit, alleging that he had been wrongfully terminated and that the release had been signed under duress. Defendant's answer included an allegation that plaintiff had engaged in sexual harassment, a major infraction justifying

---

* Circuit judge, sitting on the Court of Appeals by assignment.

immediate dismissal. Defendant asserted the defense of release.

In a letter dated July 25, 1985, plaintiff's attorney tendered to defendant's attorney checks totalling $6,688.14, representing all amounts plaintiff had received pursuant to the release, plus interest. Defendant's attorney rejected the tender.

Defendant moved for summary disposition, citing the release as a bar to plaintiff's claim. MCR 2.116(C)(7). Defendant argued that plaintiff's tender was untimely as a matter of law.

The trial court found that both the one-year delay between the filing of the complaint and the tender and the one-year eleven-month delay between execution of the release and the tender were unreasonable as a matter of law. We agree.

It is clear that plaintiff was required to tender back the consideration he received as a result of the August 18, 1983, release. *Leahan v Stroh Brewery Co,* 420 Mich 108; 359 NW2d 524 (1984).

We are persuaded of no reason why plaintiff should not have tendered back the consideration prior to commencing suit. See *Randall v Port Huron, St C & M C R Co,* 215 Mich 413, 423; 184 NW 435 (1921). In any event, there was no error in the court's finding of unreasonable delay. *Id.,* p 424. Plaintiff claimed duress, the existence of which he was fully aware at the time he signed the release. He sought legal advice immediately but did not tender back the substantial consideration he received until almost two years after execution of the release and one year after he commenced suit and put defendant to the very inconvenience and expense it had sought to avoid by paying plaintiff substantial compensation. Plaintiff has not offered, either in the trial court or in this Court, any persuasive explanation for the delay, which was unreasonable as a matter of law.

Affirmed.