## ROWADY v K MART CORPORATION

Docket No. 97919. Submitted April 19, 1988, at Grand Rapids. Decided July 18, 1988.

John G. Rowady brought an action in the Berrien Circuit Court against his former employer, K mart Corporation. Plaintiff alleged that he was coerced into early retirement and that he is a victim of age discrimination which is unlawful under the Civil Rights Act. Defendant filed a motion for summary disposition, contending that the action was barred by a release of all claims against defendant executed by plaintiff at the time of retirement. The trial court, Casper O. Grathwohl, J., denied the motion. Defendant appealed.

The Court of Appeals *held:*

A party seeking to avoid or rescind a release agreement must first place the other party in the status quo ante by tendering back the consideration he received for the release. In this case, plaintiff has not tendered back supplemental retirement benefits, which were paid as consideration for the release although not expressly designated as such in the release agreement. Plaintiff is, therefore, barred by the release from maintaining this action.

Reversed.

1. RELEASE — RESCISSION.

A party seeking to avoid or rescind a release agreement must first place the other party in the status quo ante by tendering back the consideration he received for the release; the failure to tender back such consideration bars a suit to avoid or rescind the release agreement.

2. RELEASE — CONSIDERATION — MULTIPLE PROMISES.

Where there is no specific recitation of separate consideration for a release, but it is part of a larger contract involving multiple promises, the basic rule is that whatever consideration is paid for all the promises is consideration for each one.

REFERENCES

Am Jur 2d, Release §§ 8 *et seq.,* 54 *et seq.*
See the Index to Annotations under Discharge or Release.

*Peter Palmer* and *Janice Paulsen,* for defendant.

Before: WEAVER, P.J., and McDONALD and W. R. PETERSON,* JJ.

McDONALD, J. Defendant appeals by leave granted from a December 24, 1986, order denying defendant's motion for summary disposition. We reverse.

Plaintiff filed a complaint alleging that defendant, as plaintiff's former employer, forced plaintiff to retire in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.,* and that defendant breached an implied employment contract.

In its answer defendant raised as an affirmative defense plaintiff's alleged release of all claims against defendant. Thereafter, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7). Following a hearing on the motion, the trial court denied defendant's motion finding that there was a factual dispute as to the existence or amount of consideration given to plaintiff in exchange for the release.

The testimony and evidence presented at the hearing indicates that plaintiff, approaching his fourth decade of service in the employment of K mart Corporation, took early retirement in 1984. In exchange for the early retirement, plaintiff received his regular pension, based on years of service, plus a supplement which began at more than $500 per month and increased to $700 per month, which will continue for five years from the date of retirement, or to September 30, 1989.

All this is set forth in a letter dated August 6, 1984, written by one of defendant's senior executives, district manager R. O. Williams. The letter

---

* Circuit judge, sitting on the Court of Appeals by assignment.

begins: "In connection with your election to retire early as of October 1, 1984 we wish to confirm that we have agreed as follows . . . ." Paragraph 1 indicates the monthly pension benefit plaintiff would receive based on his years of service. Paragraph 2 addresses the supplemental benefit to be paid by K mart. Paragraph 3 outlines plaintiff's rights and requirements with regard to continued medical insurance. Paragraph 4 states as follows: "You hereby release the Company from any and all claims and causes of action you may have against the Company." The letter continues by asking plaintiff to "Please indicate your agreement by signing below." Plaintiff duly signed the letter, his retirement became effective on the indicated date of September 30, 1984, and defendant commenced the monthly payments supplementing the pension benefits.

Despite the release, plaintiff commenced this action, charging that he was coerced into retiring early and that he is the victim of age discrimination. Plaintiff seeks to avoid the release on grounds of duress, asserting that he was threatened with a demotion from manager to assistant manager and a transfer to the Detroit area from Benton Harbor if he refused "voluntary" early retirement.

Essentially identical claims of duress and coercion leading to forced early retirement were made in *Leahan v Stroh Brewery Co,* 420 Mich 108; 359 NW2d 524 (1984), where accelerated judgment was granted on the grounds of the release included in the retirement arrangement. The Supreme Court held that accelerated judgment was proper because the plaintiff had not tendered back any portion of the consideration received. The Supreme Court did note that the release specifically referred

to supplemental retirement benefits as being given in consideration for the release:

> On this appeal, as in the lower courts, plaintiff does not challenge the underlying principles of *Carey v Levy,* 329 Mich 458 (1951), [that the party seeking to avoid a settlement or release on grounds of fraud or duress must tender back the amount paid, thus returning both parties to the status quo ante] and similar cases. He contends, rather, that in this case none of the consideration he received as a result of the December 4, 1978, agreement was for the release. Thus, he maintains that there is no amount that he is required to tender in order to challenge the release on the ground of duress.
>
> We agree with the Court of Appeals that the express language of the release agreement is contrary to the plaintiff's assertion. [420 Mich 113.]

Following *Leahan,* this Court in *Burt v People's Bank & Trust Co,* 151 Mich App 247, 251; 390 NW2d 172 (1985), similarly affirmed accelerated judgment, reasoning:

> Here, plaintiff waited almost two years after signing a release to bring this claim. He has failed to tender back any of the money he received in exchange for the release. His claim that the severance pay was not true consideration for the release directly conflicts with the express and unambiguous terms of the release. Following the holding in *Leahan,* we affirm the accelerated judgment order.

The "express language of the release agreement" in *Leahan, supra,* p 111, was quoted by the Supreme Court.

"8. In further consideration of the foregoing you

fully and forever release, acquit and discharge the Company . . . ."

Similarly, in *Burt, supra,* p 249, this Court quoted from the contract in relevant part as follows:

(2) In exchange for the amount of money set forth in the above paragraph, Dwight Burt agrees, on behalf of himself, his heirs or successors, to release People's Bank & Trust from all matters, claims, actions, suits and demands of every nature . . . .

In the case at bar, plaintiff accurately notes that the release covenant in the resignation/retirement confirmation letter does not expressly refer to separate consideration being paid for the release. Plaintiff then relies on the concurring opinion of Chief Justice WILLIAMS in *Leahan,* which states as follows:

I concur but write separately because I wish to emphasize that if plaintiff had offered proof that only part of the consideration he received was for the release, and that the remainder was for other services, and if plaintiff had tendered back that part attributable to the release, then accelerated judgment should have been denied, but since plaintiff did not so offer, accelerated judgment was properly granted. [420 Mich 114.]

Although no authority to this effect was cited, we believe the Chief Justice was referring, correctly, to a situation in which the contract recites a certain payment for one promise, and a separate and distinct payment in exchange for the release. In such a situation it would be possible to identify separate consideration for the release, and only that consideration would have to be tendered back

in order to avoid the release on grounds of duress under the rule of *Carey, supra.* However, contrary to plaintiff's assertion, that is not the situation in the case at bar. Plaintiff pursues a false syllogism when he contends that, since the letter of agreement in the present case recites no separate consideration for the release, the release was based on zero consideration, and, accordingly, he need tender nothing back in order to maintain this action.

Where there is no specific recitation of separate consideration for the release, but it is part of a larger contract involving multiple promises, the basic rule of contract law is that whatever consideration is paid for all the promises is consideration for each one:

> (1) There is consideration for a set of promises if what is bargained for and given in exchange would have been consideration for each promise in the set if exchanged for that promise alone.
> (2) The fact that part of what is bargained for would not have been consideration if that part alone had been bargained for does not prevent the whole from being consideration.
> Comment:
> a. *One consideration for a number of promises.* Since consideration is not required to be adequate in value (see § 79), two or more promises may be binding even though made for the price of one. A single performance or return promise may thus furnish consideration for any number of promises. [1 Restatement Contracts, 2d, § 80, p 204.]

Hence, all consideration paid by defendant in exchange for plaintiff's multiple promises must be viewed as consideration as to each promise and, therefore, plaintiff must tender back the consideration paid in addition to the pension benefits to which he was entitled, in order to maintain this action.

We are unpersuaded by plaintiff's complaint that he had insufficient time to make a decision on retirement, or that he did not read the language of the letter when he signed it and therefore was unaware that he had given a release. Plaintiff's own documents indicate that, not later than July 11, 1984, his early retirement was requested. Plaintiff did not formally agree to the early retirement and supplemental benefits, however, until after August 6, 1984. We do not believe this was a situation in which plaintiff was not given a reasonable amount of time to reflect and weigh his options in order to make a considered choice.

Nor is plaintiff's failure to read the entire agreement before signing it relevant. It is well established that a person cannot avoid a written contract on the ground that he did not attend to its terms, did not read it, supposed it was different in its terms, or that he believed it to be a matter of mere form. *Gardner v Johnson,* 236 Mich 258; 210 NW 295 (1926).

Plaintiff is accordingly bound by the rule of *Carey, supra.* Not having tendered back the supplemental retirement benefits received in exchange for his release of all claims, plaintiff is barred by that release from maintaining the present action. The trial court therefore erred in denying defendant's motion for summary disposition.

Reversed.